### Fox v. Hudson's Extx., et al.

(Decided October 22, 1912.)

### Appeal from Boyle Circuit Court.

1. Fraud—Action to Avoid Contract Obtained by—Restoration of Money Received Under Contract—When Necessary.—As a general rule when a party has received money in discharge of a liability he must restore the money so received before he can avoid the contract upon the ground of fraud, but this rule does not apply when the party seeking to avoid the contract is in any event entitled to retain the amount received.

2. Fraud—Restoration of Money—When Necessary to Maintain Action.—Where the claim is for unliquidated damages, or where the settlement is made to adjust a matter in dispute, or where there is a controversy as to the amount owing, and the parties agree on a sum that shall be paid in settlement, the amount so paid must be returned if the party settled with seeks to avoid the settlement on the ground of fraud. But when there is no dispute as to the sum due and the creditor is induced by fraud to accept a less amount than his whole debt, he may attack the settlement without returning what he has received.

3. Limitation in Action For Fraud.—Under section 2519 of the Kentucky Statutes no action to obtain relief for fraud or mistake can be brought more than ten years after the perpetration of the fraud, and when a contract is attacked on the ground of fraud the statute begins to run from the date of the contract.

4. Limitation—When Statute Begins to Run Against Person Under Disability.—Section 2525 of the Kentucky Statutes only applies to persons who are laboring under a disability at the time the cause of action accrued. A subsequent disability does not stop the statute from running.

5. Limitation—Delay in Pleading—Discretion of Court.—The trial court has a large discretion in permitting pleadings setting up new defenses to be filed, and when the lower court permits at a late day the plea of limitation to be interposed, we will not disturb the ruling unless it appears that the discretion vested in the trial court was abused.

CHAS. C. FOX, HENRY JACKSON for appellant.

ROBT. HARDING, E. V. PURYEAR and STOLL & BUSH for appellees.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

In 1892 L. W. Hudson and A. B. Hudson & Co., executed their note for $2,000 to Miss Mary Moberly, who afterwards married and is now the appellant. In 1893 the firm of A. B. Hudson & Co., composed of A. B. and L. W. Hudson, became very much involved in debt, and in October of that year L. W. Hudson and Lizzie B. Hudson, his wife, entered into a contract with the creditors, including appellant, of L. W. Hudson and the firm of A. B. Hudson & Co., by which L. W. Hudson and wife delivered over to them certain designated valuable property, under the following conditions; the property was to be appraised by two appraisers mentioned in the contract, and when this appraisement was made the Hudsons agreed to convey all the property, or a sufficient part thereof to pay the debts of the creditors, to a trustee for the benefit of the creditors. It was further stipulated in the contract that if the property surrendered should be appraised at an amount more than sufficient to pay the debts the surplus or excess should be retained by the Hudsons. In the event that the property was not appraised at an amount equal to the debts, then upon the conveyance of the property to the trustee for the benefit of the creditors L. W. Hudson was to be released

"from any and all further liability to them and any of them on account of their said debts."

It was also provided in the contract that Lizzie B. Hudson, the wife of L. W. Hudson, should release her dower, homestead and other exemption rights in the property conveyed. Soon after this the property was appraised and it was found that it would not pay the debts, and after this and in October, 1893, L. W. Hudson and his wife, in compliance with the contract, conveyed to Richard Gentry as trustee for the creditors all of the property specified in the contract before mentioned. In this deed of trust it was provided that "it is expressly agreed and understood that this conveyance does not, and nothing herein is to be construed as making any change, alteration, modification or release of the liability of any other person or persons to any of said creditors and their respective claims aforesaid, or as a release or waiver of any security of any kind already held by any of said creditors, but each of said creditors retain all of its, his, or her rights in these respects." Acting under this deed of trust the trustee disposed of the property conveyed to him and distributed it among the creditors, including appellant, in proportion to their debts, and thus matters stood until 1905, when this action was brought by the appellant against L. W. Hudson and the executrix of A. B. Hudson, who died subsequent to 1893, to recover judgment on the note for $2,000 that had been executed to her in 1892 by L. W. Hudson and A. B. Hudson & Co., less the credits to which the note was entitled.

In April, 1905, L. W. Hudson filed his answer in which he averred that in execution of the contract he had surrendered the property therein mentioned and that the creditors, who were parties to the contract, had received their proportionate part of the proceeds realized from the sale of the property, and pleaded and relied on the stipulation in the contract that in consideration of the surrender of the property therein mentioned he should be released from further liability on his indebtedness to the creditors, who were parties to the contract.

To this answer appellant filed a reply and amended replies in which she alleged in substance that she was induced to sign the contract of 1893 upon representation made to her by L. W. Hudson that the property described in the contract was all the property of every kind

that was owned by Hudson at that time, and she charged that these representations, upon which she relied, were false, and that the property described in the contract was not all the property owned by Hudson at that time. She averred that within five years before the filing of her reply there had been paid to Hudson the sum of $7,000 in cash in settlement of claims due and owing to him at the time the contract was entered into, which claims were at that time a part of his estate, and that in collecting the $7,000 and appropriating the same to his own use, and in failing to turn it over to the trustee for the benefit of the creditors, he practiced a fraud upon her. She also averred that Hudson had failed to surrender to the trustee all of the tobacco he agreed in the contract to deliver to him, and she pleaded and relied upon these facts in avoidance of the defense made by Hudson. She further averred that in the deed of trust made by Hudson and wife to Gentry no mention was made of the contract previously entered into, and that this deed of trust, which was really an assignment for the benefit of the creditors of Hudson, supplemented and took the place of the contract, and as there was no stipulation in it releasing Hudson from liability, his defense that the contract contained such a stipulation was not available.

To this last mentioned matter a demurrer was sustained, and in February, 1907, Hudson filed a rejoinder in which, after denying the affirmative matter in the reply except as to the $7,000, admitted that he had collected in 1903, $7,000 under insurance policies that he had on the life of his brother, A. B. Hudson, which insurance had been assigned to him in March, 1893, to secure the payment of debts which he had paid in settlement of the partnership debts of Hudson & Co.

In January, 1911, the executrix of A. B. Hudson filed her answer in which she set up and relied upon the condition in the contract of 1893 releasing L. W. Hudson from liability, and charged that this stipulation in the contract had the effect of releasing A. B. Hudson who was jointly liable on the note for $2,000 with L. W. Hudson.

In April, 1911, L. W. Hudson and the Executrix of A. B. Hudson offered a rejoinder pleading, and relying on the statute of limitation as a bar to the charge of fraud contained in the reply of appellant, but it seems that the

court refused to allow either one of these pleadings at that time to be filed. Afterwards in September, 1911, the court permitted the rejoinders pleading the statute of limitation to be filed, and sustained demurrers to all of the replies filed by the appellant, and declining to plead further, her petition was dismissed and this appeal prosecuted.

A reversal is asked upon the ground that the court erred in sustaining a general demurrer to the replies pleading the fraud practiced by Hudson in avoidance of the contract and in permitting the pleading relying on the statute of limitation to be filed. It is further argued that A. B. Hudson was not released from liability on the note by the condition in the contract, although this condition may have discharged L. W. Hudson from further liability.

The record does not disclose the reasons that induced the lower court to sustain demurrers to the replies pleading fraud. But it is suggested in briefs of counsel that the court was influenced to take this action because the appellant had not in connection with her pleading tendered to L. W. Hudson the money received by her under the contract, and for the further reason that the execution of the contract was not attacked for fraud or mistake. We do not think that it was necessary, to enable appellant to rely on the fraud pleaded by her, that she should have tendered to Hudson the money received under the contract. In any event she was entitled to her share of the property turned over by Hudson in compliance with the contract. She only sought to avoid the contract upon the ground that Hudson had not surrendered, as she claimed he agreed to do, all of the property owned by him. She was seeking to recover from Hudson a specific sum that he had agreed to pay her, subject to certain payments made by him. The payments made by Hudson under the contract were merely credits on the note, unless under the condition in the contract they were to have the effect of satisfying it in whole. It is true that there is a general rule of law holding that when a party has received money in discharge of a liability that he must restore the money so received before he can avoid the contract upon the ground of fraud, Bramble v. Cincinnati R. R. Co. 132 Ky., 547, but this rule does not apply when the party seeking to avoid the contract is in any event entitled to retain the amount

received. To illustrate, if the appellant in this case had succeeded in her effort to avoid the contract Hudson would have been indebted to her in the full amount of the note less any payments that he had made and so if she retained the payments made by Hudson this did not in any manner prejudice the rights of Hudson, because the debt upon which the payments were made was a valid and subsisting debt against him. Where the claim is for unliquidated damages or when the settlement is made to adjust a matter in dispute, or where there is a controversy as to the amount owing, and the parties agree upon a sum that shall be paid in settlement, the amount so paid must be returned if the party settled with seeks to avoid the settlement on the ground of fraud. But when there is no dispute as to the sum due and the creditor is induced by fraud to accept a less amount than his whole debt, he may attack the settlement without returning what he has received. Kley v. Healy, 127 N. Y., 555; Harris v. Equitable Life Assurance Society, 64 N. Y., 199; 20 Cyc., 91. Nor was the pleading bad because no allegation of fraud or mistake in the execution of the contract was set out. The averment is that Hudson agreed to surrender all the property he owed but that in violation of this agreement he only surrendered a portion of it. The contract is fair on its face, there was no mistake in its execution and the fraud, if any, was practiced by Hudson in failing to do what he agreed to as an inducement to the acceptance of the contract by the other parties to it. But the error of the court in holding insufficient these pleadings in avoidance of the contract did not prejudice the substantial rights of appellant, as the plea of limitation interposed by Hudson presented a complete bar to a recovery by her, unless it be that this plea came too late or the fact that appellant was a married woman made it unavailable. If the court had overruled the demurrer to the reply and had then permitted Hudson to file his pleading relying on the statute of limitation, this pleading was sufficient to defeat appellant, as more than ten years had elapsed between the time when the alleged fraud was perpetrated and the institution of the action to obtain relief from it. Appellant's pleadings show that the fraud, if any there was, was perpetrated in 1893 when the contract of that date was entered into,

and this action to obtain relief for that fraud was not instituted until more than eleven years afterwards. Section 2519 of the Kentucky Statutes provides that "in actions for relief for fraud or mistake, or damages for either the cause of action shall not be deemed to have accrued until the discovery of the fraud or mistake, but no such action shall be brought ten years after the time of making the contract or the perpetration of the fraud."

Counsel for appellant seeks to avoid the effect of this statute by showing that the insurance money was not actually collected by Hudson until 1903, or some two years before the institution of the action. But this circumstance does not help appellant. It is not at all material when the money was paid; the only question is when was the fraud practiced, and this question is answered by the pleading averring that it was practiced in 1893 when the contract was made.

It is also argued that the plea of limitation came too late and the lower court should have refused to allow it filed. Why this defense was not, as it should have been, interposed earlier in the action is not disclosed, but the trial court has a large discretion in permitting pleadings setting up new defenses to be filed, and we are not disposed to say that this discretion was abused. Ford v. Providence Coal Co., 124 Ky., 517.

It is further insisted that as appellant was a married woman for about nine years of the time between the execution of the contract and the institution of the action, that the statute of limitation did not run during this period. Of course if this proposition was sound it would defeat the plea of the ten year statute of limitation, but it finds no support either in the statute or in the decisions of this court. Section 2525 of the Kentucky Statutes provides that "if a person entitled to bring any of the actions mentioned in the third article of this chapter, except for a penalty or forfeiture, was at the time the cause of action accrued an infant, a married woman or of unsound mind, the action may be brought within the like number of years after the removal of such disability or death of the person, whichever happened first, that is allowed to a person having no such impediment to bring the same after the right accrued."

It will be observed that this statute only stops the running of the statute of limitation when the person entitled to bring the action "was at the time the cause of

action accrued'' laboring under some of the disabilities mentioned in the section. Here the cause of action accrued when Hudson failed to surrender to the trustee all the property that he owned, and this failure occurred in 1893 shortly after the contract was executed. At this time appellant was a single woman and remained unmarried until May 1894. Therefore when her ''cause of action accrued'' she was not a married woman, and so the saving clause in the statute does not apply to her. When the statute begins to run a subsequent disability does not stop it. Clark v. Trail, 1 Met., 35; Haddix v. Davison, 3 T. B. M., 39; Croizer v. Gano, 1 Bibb, 257; Loyd v. Loyd, 20 Ky. L. Rep., 347.

It is also sought to hold the estate of A. B. Hudson liable upon the ground that the deed of trust executed by L. W. Hudson in pursuance of the contract stipulated that the deed of trust should not affect the liability of any other persons who might be jointly bound with L. W. Hudson, but this stipulation in the deed of trust does not benefit appellant. When she agreed in the contract with L. W. Hudson to release him from all liability in consideration of his surrender of the property mentioned in the contract, this agreement in and of itself released all persons jointly bound to her with L. W. Hudson. As said in Williamson v. McGinnis, 11 B. M., 74 ''an absolute release to one of several who are jointly bound exonerates all the obligors.'' To the same effect is Logan County National Bank v. Barclay, 104 Ky., 97.

It appears that the appellees prayed a cross-appeal for the purpose of better protecting their rights arising under a verdict in their favor on a trial before a jury of this action, which verdict was set aside on a motion for a new trial by appellant, but as the judgment from which appellant prosecutes this appeal will be affirmed, it is of course not necessary to notice the cross-appeal. Wherefore the judgment on the original and cross-appeal is affirmed.