## Robinson v. Robinson.

(Decided May 21, 1913.)

### Appeal from Grant Circuit Court.

1. Contracts—Action to Cancel Antenuptial Contract—Parties—Election—Dower.—In an action brought by the widow of an intestate to cancel an antenuptial contract, and subsequent settlement and deed made with the administrator in pursuance thereof; and also to recover dower in the intestate's lands and half the personal estate left by him, the administrator and heirs at law of the intestate being necessary parties to the action, it was error for the circuit court to require the plaintiff to elect whether she would prosecute the action against the administrator or heirs at law; and to dismiss the action as to the administrator, after she had, under such compulsion, elected to proceed against the heirs at law.

2. Contracts—Action by Widow to Cancel Antenuptial Contract—Tender.—It was also error for the court to dismiss the action because of the plaintiff's failure to tender to the administrator, or pay into court, the money she had received in a settlement alleged to have been fraudulently made with her by the administrator. Such tender, or payment of the money into court, was not necessary to enable her to maintain the action, as she was entitled to retain the amount received of the administrator if she failed to obtain a judgment for the cancellation of the ante-

nuptial contract and deed, and if successful in procuring their cancellation, would be entitled to receive from the intestate's personal estate at least as much as had been paid her by the administrator.

3. Tender—Tender or Payment Into Court—Rule as to.—The rule requiring a tender or payment into court of money received, does does not apply where the party seeking to avoid the contract is in any event entitled to retain the money received.

C. C. ADAMS, B. F. MENEFEE for appellant.

M. D. GRAY, W. E. CLAY for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Reversing.

On the 28th day of March, 1888, Samuel Robinson and the appellant, Sally E. Page, residents of Grant county, were united in marriage. The marriage was authorized by a license duly issued by the clerk of the Grant County Court, March 26, 1888. At the time of the marriage Samuel Robinson was the father, by his first wife, of seven children. Being desirous of making special provision for certain of his children to make them equal with others to whom he had made advancements, and of securing to all his children, at his death, the bulk of his estate then consisting of 150 acres of land and personal property not exceeding $600 or $700 in value, Samuel Robinson on March 26, 1888, two days before his second marriage, entered with the appellant, his intended wife, into the following written contract:

"This an article of agreement made this the 26th day of March, 1888, by and between Samuel Robinson and Sallie E. Page, both of the County of Grant and State of Kentucky, Witnesseth:

"That, whereas the above named parties have contracted a marriage, and whereas the said Samuel Robinson, has the following children by his first wife, to-wit: Mrs. Forest Barnes, Liddie Green, James M. Robinson, Jesse Robinson, Lesly C. Robinson, and whereas the two first named has received from said Robinson, a cow, set of chairs, bed and bedding and furniture of about the value of $150 and James M. Robinson has received a horse, set of chairs, bed and bedding, and furniture of about the value of $200, and whereas the said Samuel Robinson desires that his daughter, Lula, shall receive the same that his daughters, Forest and Liddie, have received, and that his sons Samuel E., Jesse, and Lesly C., shall receive the same that James M., has received, there-

fore, this agreement or marriage contract, wherein the said Sallie E. Page, agrees with the said Samuel Robinson, that if the said Samuel Robinson should die before they become twenty-one years of age, or receive the above mentioned property or its equivalent, that she will give them the same out of the estate of said deceased and the said Samuel Robinson agrees that the said Sallie E. Page, shall have one-half of the remainder of all the personal estate, he may possess at his death and the said Sallie E. Page further agrees to relinquish all dower or right of dower to any land or real estate the said Samuel Robinson now has, but agrees that the same may be equally divided between the foregoing children of said Samuel Robinson or their heirs, but if the said Samuel Robinson and Sallie E. Page should accumulate or become possessed of any other land or real estate after their marriage then the said Sallie E. Page is to have one-half the same.

In witness whereof we have hereunto set our hands and subscribed our names this day and date first above written.

SAMUEL ROBINSON,<br>SALLIE E. PAGE.

LEWIS R. NELSON,
WM. SLEET.''

The above contract was duly signed by the parties and attested by two subscribing witnesses, but was never recorded. Samuel Robinson and wife, after their marriage, lived happily together on his farm twenty-four years, at the end of which time he died, intestate, survived by her and his seven children by his first wife. Shortly after his death, his son, the appellee Samuel E. Robinson, was appointed and duly qualified as the administrator of his estate.

Samuel Robinson did not materially increase his estate after his last marriage, nor did his wife acquire any property, real or personal, in her own right; and, at the time of the death of the former, he owned only the 150 acre farm mentioned in the antenuptial contract and personal property of the value of $650. Of the latter $46 was soon necessarily expended by the administrator in administering the personal estate.

On January 23, 1911, about two months after Samuel Robinson's death, the appellee, Samuel E. Robinson, as administrator of the decedent's estate, and in pursuance of the provisions of the antenuptial contract previously mentioned, made with the appellant, as claimed, a settle-

ment, whereby he paid her $302 in satisfaction of her demands against the decedent's estate, which settlement is evidenced by the following writing then executed by the parties:

"This contract made and entered into the 25th day of January, 1901, by and between Sallie E. Robinson, wife of Samuel Robinson, deceased, of the State of Kentucky, and the county of Grant, party of the first part, and Samuel E. Robinson, administrator of his father, Samuel Robinson, of the county and State aforesaid, party of the second part, Witnesseth:

"That the party of the first part, for and in consideration of $302, paid to her in the fulfillment and performance of a marriage contract made and entered into by and (between) the said Sallie E. Robinson, whose name was Sallie E. Page, before her marriage, to the said Samuel Robinson, and Samuel Robinson, and of date of March 26, 1888, do hereby waive, release and relinquish all my rights, interest and title to all of my interest in and to all of his personal property and also all of my interests and rights to dower or homestead in and to all of the lands that he owned at his death which is located near Mason, Kentucky, and supposed to contain about 150 acres, more or less, and is described as follows: bounded on the north by the land of James Harrison, and John McGlasson, on the east by the Covington and Lexington turnpike road, on the south by Tom Gouge and ..................... Bromback, and on the west by James Bickers and Ace Tomlin and John Ruhall, and for the aforesaid consideration, claims nothing further in the personal estate or real property and that the said party of the second part executes this contract as administrator of his deceased father and on behalf of himself and all his brothers and sisters and agrees to be bound by the same and the party of the first part executes this contract to keep faith with the marriage contract referred to and to perform it in whole as she agreed to do and she agrees to give possession of the land above referred to by the 10th day of March, 1911. Witness our hands this day and date above written.

SALLIE E. ROBINSON,<br>
SAMUEL E. ROBINSON,<br>
Administrator of Samuel Robinson.

At the time of the execution of the above paper, and in order to carry out its provisions, the appellant by deed duly executed and recorded, conveyed to the appel-

lees, children of Samuel Robinson, deceased, her dower and right of homestead in the 150 acres of land left by their father. Shortly after the execution of this contract and deed, appellant brought this action against appelles, the administrator and heirs at law of Samuel Robinson, seeking to set aside and cancel the antenuptial contract, the contract she made with the administrator and the deed executed by her in pursuance thereof, upon the grounds that they and each of them were without consideration, and were signed by her in ignorance of her rights; and that the antenuptial contract was procured by fraud on the part of her deceased husband, and the subsequent contract and deed by fraud on the part of his son, the administrator of his estate. In addition to its attack upon the contracts and deed, the petition set up a claim by the appellant to dower in the land and one-half of the personal estate, left by her deceased husband. On the motion of appellees the circuit court required the appellant to elect whether she would prosecute the action against the administrator or heirs at law; thereupon she elected to proceed against the heirs at law and the court dismissed the action as to the administrator. Appellant excepted to each of these rulings. Appellees, after interposing a demurrer to the petition, upon which the court seems to have failed to rule, filed their answer which traversed the material allegations of the petition, set up the contracts and deed referred to, and pleaded in bar of a recovery the settlement made with appellant by the administrator in pursuance thereof.

Appellant by reply denied the settlement pleaded by appellees, but admitted the payment to her of the $302 alleging, however, that it was but a part of what she was entitled to receive from the decedent's personal estate as his widow and that it was so accepted.

Following an agreement between the parties to waive the taking of depositions, and have their witnesses testify in court orally, the case was called for trial, whereupon appellees moved the court to require appellant to pay into court the $302 she had received from the administrator as a condition precedent to her right to maintain the action. Notwithstanding the insistence of appellant's counsel, that the law did not require her to tender back to appellees or pay into court the amount in question in order to maintain the action, and their further insistence that she did not have the money and was unable to repay it, the court sustained appellee's motion, and because of

appellant's failure to pay into court the $302 entered a judgment dismissing the action at her cost. From that judgment she has appealed.

The judgment is manifestly erroneous. In the first place the circuit court should not have required appellant to elect as to whether she would prosecute the action against the administrator, or heirs at law of the decedent, Samuel Robinson.

There was no misjoinder of causes of action or parties. Both the administrator and heirs were necessary parties; the first because if the trial of the case should result in a cancellation of the contracts and deed attacked by the petition, judgment must go against him as administrator for appellant's share of the decedent's personal estate and such share would have to be paid by him out of the assets of the estate in his hands. Moreover, the administrator had with appellant the settlement alleged to have been made to carry out the provisions of the antenuptial contract and from which resulted the deed conveying to the heirs at law, her dower in the real estate. The heirs at law of the decedent are also necessary parties as their rights, both as to the real and personal estate involved, for if the contracts and deed in question should be set aside, it would result in the recovery by appellant of dower in the land to which they hold title by descent from their father, and also the recovery by her of one-half of the personal estate, which, if exceeding in amount what she received in the settlement with the administrator, would result in loss to them.

The circuit court also erred in sustaining appellee's motion requiring the appellant to pay into court the $302 she had received in the settlement with the administrator, and in dismissing the action because of her failure to do so. Leaving out of consideration the question whether the failure of appellees to make the motion before the filing of their answer, constituted a waiver of their right to later do so, it is patent that the case is not one in which appellant was required to make a tender of, or pay into court the money she had received from the administrator, in order to enable her to maintain the action to set aside the antenuptial contract and the contract with the administrator and subsequent deed. In any event she is and will be entitled to retain the amount paid her by the administrator. If defeated in her attempt to set aside the contracts and deed, appellees will be estopped to claim that she was not entitled to the $302 received from the administrator under the antenuptial

contract. On the other hand, if she succeeds in setting aside the contracts and deed, it is manifest, and indeed admitted, that her half of the personal estate left by the decedent will amount to as much as was paid her. So, in either event, she is rightfully in possession of and cannot be made to surrender the $302 paid her by the administrator. We have repeatedly held that the rule requiring a tender or payment into court of money received, does not apply when the party seeking to avoid the contract is in any event to retain the amount received. Fox v. Henderson's Exr., &c., 150 Ky., 115; Bramble v. C. F. & S. E. R. R. Co., 132 Ky., 547; U. P. R. R. Co. v. Harris, 158 U. S., 326; 20 Cyc, 21.

We refrain from expressing an opinion upon other aspects of the case, as the evidence has not been taken by the parties, but on account of the errors indicated the judgment is reversed and cause remanded with directions to the lower court to set aside the order requiring an election by appellant and the judgment dismissing her action, that the case may proceed to preparation and trial upon the merits.