### Kirchdorfer v. Heer, et al.

(Decided October 29, 1920.)

Appeal from Jefferson Circuit Court
(Chancery Branch, First Division).

1.  Contracts—Restoration—Rescission.—Ordinarily to be entitled to a rescission one must restore or offer to restore what he has received under the contract, but an exception to the rule is recognized on behalf of one who is entitled in any event to retain what he has received therefor.

2.  Corporations—Sale of Shares of Bank Stock—Rescission.—Where K. misrepresented the number of shares of bank stock he owned and assigned to H. for full release of his uncertain and disputed liability on a note and H. after learning of the true amount of bank stock assigned to him accepted and converted same, H. was not entitled to a rescission because of the misrepresentation.

3.  Pleading—Defense Offered by Demurrer.—A defense that may be made and is offered by demurrer to the petition need not be pleaded in the answer.

SHACKELFORD MILLER and E. J. COONEY for appellant.

GIFFORD & STEINFELD for appellees.

OPINION OF THE COURT BY JUDGE CLARKE—Reversing.

Heer, Blasi, Nieder and Kirchdorfer were sureties for the Nieder Hardware Company on a note for $2,350.00 to the Stock Yards Bank of Louisville, Ky., due July 15, 1918. Before that date the hardware company became bankrupt and the sureties were notified by the bank that they would have to take care of the note. Heer and Blasi were able to and did later settle the note. On the due date, July 15th, Heer after making some arrangement

with Blasi had a conference with Nieder and Kirchdorfer, looking to their payment to him or to him and Blasi of their portions of the note. Nieder is the son-in-law of Heer and at the conference with Kirchdorfer they represented to him that Nieder was insolvent and unable to pay his part of the note. Kirchdorfer although probably solvent was unable to pay his part at that time but offered to assign to Heer in satisfaction of his part of the note some stock he owned in the Lincoln Savings Bank and Trust Company but which was up with the Stock Yards Bank as collateral security for $265.00 he owed the bank. This stock he represented as being a thousand dollars' worth of stock in the Lincoln Savings Bank and Trust Company and he said in his judgment it was worth about $850.00. After some little controversy between Heer and Kirchdorfer as to whether the latter was liable for one-fourth or one-third of the $2,350.00 note, the following written agreement was executed and delivered to Heer by Kirchdorfer:

"July 15, 1918.

"This agreement witnesseth: That John M. Kirchdorfer does hereby agree to assign, set over and transfer to John Heer all the stock now owned by him in the Lincoln Savings Bank & Trust Company, now pledged as security on a note executed by John M. Kirchdorfer to the Stock Yards Bank of Louisville, Ky., providing the said John Heer will pay the Stock Yards Bank $265.00, the amount of the note upon which the Lincoln bank stock is pledged and release John M. Kirchdorfer of any and all liability on a certain note in the sum of $2,350.00 due July 15th, 1918, executed to the Stock Yards Bank and signed by the Nieder Hardware Co., Henry Nieder, Jr., John M. Kirchdorfer, John Heer and Joseph Blasi.

"JOHN M. KIRCHDORFER.

"Accepted: John Heer.
"Witnesses: Henry Nieder."

On the next day, July 16, 1918, in compliance with his undertaking in the above agreement Heer paid the Stock Yards Bank the $265.00 Kirchdorfer owed it and took up the Lincoln Savings Bank and Trust Company stock pledged as security therefor. On that same day Heer sold this stock for $600.00 and as he now claims credited the difference between the $265.00 he had paid for same and the $600.00 he received therefor, or $335.00, on Kirchdorfer's one-third part of the $2,350.00 note. He there-

upon demanded of Kirchdorfer payment to him of the balance of one-third of the $2,350.00 note less this credit of $335.00 or $448.33, which Kirchdorfer refused to pay. Thereafter, Heer and Blasi instituted this action against Kirchdorfer for a cancellation of the written agreement of July 15, 1918, between Heer and Kirchdorfer upon the ground that the execution was procured by Kirchdorfer by falsely representing that the stock owned by him in the Lincoln Savings Bank & Trust Company consisted of ten shares of the par value of $100.00 each when as a matter of fact it was only five shares of stock of the par value of $100.00 each.

Kirchdorfer by his answer traversed the material allegation of the petition and upon a trial of the issue thus formed, plaintiffs recovered of him a judgment of $448.33 with interest and costs. Seeking a reversal of this judgment Kirchdorfer filed a motion in this court for an appeal.

Kirchdorfer bought ten shares of the Lincoln Savings Bank of the par value of $100.00 each, paying therefor $1,000.00 when the bank was organized in 1911 and this stock he soon thereafter assigned to the Stock Yards Bank as security for a loan of $500.00, which at the time of the contract with Heer had been reduced to $265.00. A short time before he entered into the agreement with Heer the Lincoln Savings Bank was consolidated with a trust company and the assets of the two companies combined. In the reorganization that followed, there were issued to Kirchdorfer but delivered to the Stock Yards Bank five shares of stock in the Lincoln Savings Bank & Trust Company in lieu of his ten shares of stock in the Lincoln Savings Bank. Whether Kirchdorfer knew of this fact is not clear from the evidence, but whether he did or not is immaterial, since it is clear that his representation to Heer as an inducement for the written contract led the latter to believe that he was getting by that agreement ten shares of the capital stock of the Lincoln Savings Bank & Trust Company, when as a matter of fact he received only five shares of same. It is therefore clear that Heer was entitled to a rescission of the contract because of these misrepresentations, whether made by fraud or mistake by Kirchdorfer when on July 16th the next day after the execution of the agreement he discovered that he was getting only five shares instead of ten shares of stock in the Lincoln Savings Bank & Trust Company.

But the question here is whether or not he was entitled to a rescission of that contract after having accepted and converted the stock thereunder with full knowledge of the fact that he was receiving five instead of ten shares of Lincoln Savings Bank & Trust Company stock. Ordinarily to be entitled to a rescission one must restore or offer to restore what he has received under the contract. There is a well recognized exception, however, to this rule when the party seeking to avoid the contract is in any event entitled to retain what he has received thereunder. Fox v. Hudson, Executor, 150 Ky. 115. It was upon the authority of this and other like cases that the lower court held that Heer was entitled to a rescission despite the conversion of the five shares of stock with full knowledge of all the facts. We are clearly of the opinion that the facts of this case bring it under the general rule rather than the exception thereto.

In stating the general rule and the exception thereto the court in Fox v. Hudson, *supra,* said:

"Where the claim is for unliquidated damages or when the settlement is made to adjust a matter in dispute, or where there is a controversy as to the amount owing, and the parties agree upon a sum that shall be paid in settlement, the amount so paid must be returned if the party settled with, seeks to avoid the settlement on the ground of fraud. But when there is no dispute as to the sum due and the creditor is induced by fraud to accept a less amount than his whole debt, he may attack the settlement without returning what he has received."

As already stated there was a dispute between the parties to this agreement as to the amount owed by Kirchdorfer. Kirchdorfer claimed that he was liable for only one-fourth of the $2,350.00 note while Heer insisted he was liable for one-third thereof, and the agreement shows upon its face that in consideration of the bank stock assigned to him, Heer agreed to "release J. M. Kirchdorfer of any and all liability" on the note. It is clear from the evidence that at the time this agreement was executed the note had not been satisfied and that this was done later by Heer and Blasi by the execution of their note for the amount to the bank.

It is further established by the evidence that even on July 23, 1918, Nieder's ability to take care of his one-fourth of the $2,350.00 note was not considered hopeless by Heer, his father-in-law, since upon that date in a letter to Kirchdorfer, introduced in the evidence, Heer said:

"Mr Hy. Nieder, Jr., not being able to pay his part will give to you, J. Blasi and myself a second mortgage on house and lot for his part of the note as per inclosed statement, $578.00."

It also appears from this letter that Blasi and Heer did not take care of the note at the bank until after the latter had converted the stock assigned to him by Kirchdorfer. As further evidence that there was a dispute as to the amount of Kirchdorfer's liability upon the note at the time of the execution of the agreement it is proven without contradiction that he refused to sign an agreement which Heer had had prepared by his attorney or any other agreement than the one he did sign and that even his signing of this agreement was upon condition that it be accepted at once.

It is therefore conclusively established in our judgment that the stock was assigned by Kirchdorfer to Heer, and accepted by him with knowledge that there were only five instead of ten shares of the stock, in full satisfaction of Kirchdorfer's disputed and uncertain liability to Heer on the $2,350.00 note.

As a consequence under the principles above announced, Heer was not entitled to a rescission in the absence of an offer to return and after he had converted to his own use the bank stock he had obtained and could have obtained only under the contract he seeks to rescind.

It is also insisted by counsel for Heer that even if he should have restored the stock to Kirchdorfer under the facts before he could demand a cancellation, that Kirchdorfer may not complain of the judgment because he simply denied the allegations of the petition and did not plead the conversion of the stock as a waiver of the right to cancel. This contention is wholly without merit since the conversion with knowledge of the facts was alleged by Heer in his petition. For which reason and before answering, defendant demurred to the petition and his demurrer was at first sustained but later overruled by the court under the impression evidently that the Fox-Hudson case was applicable here, which we have held is not true. We are therefore of the opinion that Heer did not manifest by either his pleading or his proof a right to a rescission of the contract and that his petition should have been dismissed.

Wherefore the appeal is granted and the judgment reversed with directions to dismiss the petition.