Marlyn **EADES** and Joan Eades, Plaintiffs–Appellants,

v.

**CLARK DISTRIBUTING COMPANY, INC.** and Leslie Dale Trovillion, Defendants–Appellees.

No. 94–5982.

United States Court of Appeals, Sixth Circuit.

Argued Oct. 19, 1995.

Decided Dec. 1, 1995.

Larry R. Zingarelli (briefed), William J. O'Malley (argued and briefed), Columbus, OH, for plaintiffs-appellants.

John David Cole, Matthew J. Baker (argued and briefed), Cole, Minton & Moore, Bowling Green, KY, for defendants-appellees.

Before: MERRITT, Chief Judge; KENNEDY, Circuit Judge; JOINER, District Judge.*

MERRITT, Chief Judge.

This case arises out of an automobile accident that occurred on January 13, 1992. Plaintiffs–Appellants, citizens of Ohio, sued Defendants–Appellees, a Kentucky company and its employee, in a diversity action in federal court in Kentucky. The complaint was filed on January 11, 1994, within the two-year period in which a motor vehicle injury action must be commenced under the Kentucky limitations statute. *See* Ky.Rev.Stat. Ann. § 304.39–230 (Baldwin 1987). Under Kentucky law, however, an action is deemed commenced not at the time a complaint is filed, but rather "on the date of the first summons or process issued in good faith from the court having jurisdiction of the cause of action." Ky.Rev.Stat.Ann. § 413.250 (Baldwin 1991). This statutory directive is echoed in Rule 3 of the Kentucky Rules of Civil Procedure, which states that "[a] civil action is commenced by the filing of a complaint with the court and the issuance of a summons or warning order thereon in good faith." Because a summons was not issued until April 5, 1994, the action did not "commence" for state law purposes until after the statute of limitations had run. The District Court held that the state definition of commencement, and not the one found in the Federal Rules, should apply in this diversity case, and it accordingly sustained defendants' motion for summary judgment.

■ The issue in this case is whether recent amendments to Rule 4 of the Federal Rules of Civil Procedure [1] have brought the Rules into direct conflict with Kentucky law governing the commencement of actions. Finding no conflict, we affirm the district court's holding that the state statute of limitation bars this litigation.

■ Plaintiffs argue that *Hanna v. Plumer,* 380 U.S. 460, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965), requires a different result than that reached below. In *Hanna* the Supreme Court held that, where there is a "direct collision" between a Federal Rule of Civil Procedure and state law, the Federal Rule

---

* The Honorable Charles W. Joiner, United States District Judge for the Eastern District of Michigan, sitting by designation.

1. Rule 4 governs the form, issuance, and service of summons in federal civil actions. The Rule was extensively modified in 1983, and again in 1993. In their brief and at oral argument, Plaintiffs have focused the court on the new Rule 4(d), which allows a defendant, when notified by the plaintiff, to waive actual service of the summons and complaint. This practice of informal notice, first introduced as "service-by-mail" in the 1983 revisions to Rule 4 and then clarified in 1993, is intended to save costs. *See* Fed.R.Civ.P. 4 advisory committee notes, 1993 amendments.

should apply if it is within the scope of the Rules Enabling Act and within the constitutional power of Congress. *Id.* at 464, 85 S.Ct. at 1140. Plaintiffs find a direct collision in that Kentucky law requires issuance of a summons to commence a case, whereas the Federal Rules deem a civil action commenced at the filing of the complaint. *See* Fed.R.Civ.P. 3. In addition, Plaintiffs note that the Federal Rules encourage waiver of service, *id.* at 4(d), and allow service of the summons at any time within 120 days from the filing of the complaint, *id.* at 4(m), and are thus fundamentally at odds with the Kentucky procedure. Indeed, it appears that this suit could continue if federal, rather than state, procedural rules were applied.

■ Were *Hanna* the only Supreme Court opinion on point, and were we reasoning only from that opinion, Plaintiffs would have a strong argument. But *Walker v. Armco Steel Corp.*, 446 U.S. 740, 100 S.Ct. 1978, 64 L.Ed.2d 659 (1980), is directly on point. There the Court, affirming *Ragan v. Merchants Transfer & Warehouse Co.*, 337 U.S. 530, 69 S.Ct. 1233, 93 L.Ed. 1520 (1949), specifically held that "in diversity actions Rule 3 governs the date from which various timing requirements of the Federal Rules begin to run, but does not affect state statutes of limitations." *Walker*, 446 U.S. at 751, 100 S.Ct. at 1985. The Court went on to conclude that, "[s]ince there is no direct conflict between the Federal Rule and the state law, the *Hanna* analysis does not apply." *Id.* at 752, 100 S.Ct. at 1986.

Plaintiffs argue that the 1993 amendments to Rule 4, which provide for waiver of service, were not considered by the Court in its *Walker* decision in 1980. They say that the new amendments bring the current version of the Federal Rules into direct conflict with state law. This contention is inconsistent with *Walker.* The Supreme Court's holding in *Walker* was based on a finding that Rule 3 was not intended to affect the tolling of state limitations statutes. The Court reached this conclusion in spite of the fact that Rule 3 specifically governs the date of commencement of federal actions. The new Rule 4 is a much poorer candidate than Rule 3 in the search for a direct conflict with state limita-

tions law. Nothing in the text of the rule relates in any way to the tolling of limitations statutes. Nor does it appear that the rule was intended by its drafters to change *Walker.* In fact, the Advisory Committee recognized that state law would be unaffected by the new amendments:

> Some state limitations laws may toll an otherwise applicable statute at the time when the defendant receives notice of the action. *Nevertheless, the device of requested waiver of service is not suitable if a limitations period which is about to expire is not tolled by the filing of the action.* Unless there is ample time, the plaintiff should proceed directly to the formal methods for service identified in subdivisions (e), (f), or (h).

Fed.R.Civ.P. 4 advisory committee notes, 1993 amendments (emphasis added).

Plaintiffs argue that by altering the definition of "direct collision," post-*Walker* cases suggest that state and federal tolling rules are in conflict and that the federal rule should thus apply. *See Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22, 26 n. 4, 108 S.Ct. 2239, 2242 n. 4, 101 L.Ed.2d 22 (1988) (noting that even though *Walker* required a "direct collision" before applying federal law, "this language is not meant to mandate that federal law and state law be perfectly co-extensive and equally applicable to the issue at hand; rather the 'direct collision' language . . . expresses the requirement that the federal statute be sufficiently broad to cover the point in dispute"); *see also Burlington Northern R. Co. v. Woods*, 480 U.S. 1, 107 S.Ct. 967, 94 L.Ed.2d 1 (1987).

Neither *Stewart* nor *Burlington* compels the conclusion plaintiffs urge. Indeed, both cases cite *Walker* with approval. *See Stewart*, 487 U.S. at 26, 31, 108 S.Ct. at 2242, 2244; *Burlington*, 480 U.S. at 5, 107 S.Ct. at 969. More importantly, *Stewart* cites *Walker* as an example of federal and state rules existing side by side. *Stewart*, 487 U.S. at 31, 108 S.Ct. at 2244 ("This is thus not a case in which state and federal rules 'can exist side by side . . . each controlling its own intended sphere of coverage without conflict.' "), citing *Walker*, 446 U.S. at 752, 100 S.Ct. at 1986. Thus, neither *Stewart* nor

*Burlington* undermine *Walker's* holding that Rule 3 does not operate as a tolling statute on state law claims brought in diversity actions. *Wm. H. McGee & Co. v. Liebherr America, Inc.,* 789 F.Supp. 861, 866 (E.D.Ky. 1992) (rejecting argument that *Burlington* and *Stewart* overruled *Walker's* holding that federal courts must apply the substantive state tolling statutes in diversity actions).

The judgment of the district court is **AFFIRMED.**