RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2003 FED App. 0063P (6th Cir.)
File Name: 03a0063p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

_____

MARQUICHETTA POWELL,
　　　　　*Plaintiff-Appellant,*

　　　　*v.*

JACOR COMMUNICATIONS
CORPORATE,
　　　　　*Defendant-Appellee.*

No. 01-6343

Appeal from the United States District Court
for the Eastern District of Kentucky at Lexington.
No. 00-00408—Karl S. Forester, Chief District Judge.

Argued: February 6, 2003

Decided and Filed: February 26, 2003

Before: GILMAN and GIBBONS, Circuit Judges;
ECONOMUS, District Judge.

_____

**COUNSEL**

**ARGUED:** Elizabeth R. Overton, WILLIAM GALLION &
ASSOCIATES, Lexington, Kentucky, for Appellant. Gregg

_____

[*]The Honorable Peter C. Economus, United States District Judge for
the Northern District of Ohio, sitting by designation.

E. Thornton, CLARK, WARD & CAVE, Lexington, Kentucky, for Appellee. **ON BRIEF:** Elizabeth R. Overton, WILLIAM GALLION & ASSOCIATES, Lexington, Kentucky, Stephen J. Isaacs, Lexington, Kentucky, for Appellant. Gregg E. Thornton, Stacy L. Heineman, CLARK, WARD & CAVE, Lexington, Kentucky, for Appellee.

_____

**OPINION**

_____

RONALD LEE GILMAN, Circuit Judge. This diversity action arises from a claim filed by Marquichetta Powell against Jacor Communications Corporate for personal injuries that Powell sustained while patronizing a Halloween season haunted house owned and operated by Jacor. Powell filed a pro se complaint in federal court, together with a motion to proceed *in forma pauperis* (IFP). Jacor moved to dismiss the complaint on the ground that Powell had failed to comply with Kentucky's one-year statute of limitations. The motion to dismiss was granted by the district court. For the reasons set forth below, we **REVERSE** the judgment of the district court and **REMAND** the case for further proceedings consistent with this opinion.

## I. BACKGROUND

### A.  Factual background

On October 15, 1999, Powell visited a Halloween season haunted house in Lexington, Kentucky that was owned and operated by Jacor. She was allegedly hit in the head with an unidentified object by a person she claims was dressed as a ghost. Powell was knocked unconscious and injured. She contends that she suffered a concussion and was put on bed rest and given medications by emergency-room physicians. Powell further claims that she now suffers from several neuropsychological disorders as a result of the incident.

**B.   Procedural background**

The crux of this appeal concerns whether Powell complied with the applicable one-year statute of limitations in Kentucky. She filed a hand-written complaint and pro se motion to proceed IFP on October 13, 2000, just two days prior to the expiration of the statute. Under 28 U.S.C. § 1915(e)(2), any complaint seeking IFP status is subject to a screening process. Because of this requirement in the federal courts, no summons was issued at the time that Powell filed her complaint.

Powell subsequently retained  counsel, who entered their appearance on November 28, 2000. Two days later, on November 30, 2000, Powell's counsel paid the $150 filing fee and a summons was issued. Jacor was subsequently served with the summons and complaint in early December 2000. This caused the district court to promptly deny Powell's motion to proceed IFP*,* the motion having become moot after counsel had entered an appearance and paid the filing fee in full. Jacor filed an answer to the complaint later that month, raising, among other things, an affirmative defense based upon the statute of limitations.

This was followed several months later by Jacor's motion to dismiss the complaint. In its supporting memorandum, Jacor pointed out that, under the Kentucky Rules of Civil Procedure, an action is deemed to be commenced at the time that the first summons is issued. Because the summons was not issued until more than a year after the incident giving rise to Powell's claim, Jacor contended that the action was barred by the statute of limitations. Powell responded in part by arguing that the action should not be dismissed because, at the time her action accrued, she was of unsound mind within the meaning of Kentucky Revised Statutes § 413.170. This statute provides:

> If a person entitled to bring [an] action was, . . . at the time the cause of action accrued, an infant or of unsound

mind, the action may be brought within the same number of years after the removal of the disability or death of the person, whichever happens first, allowed to a person without the disability to bring the action after the right accrued.

According to Powell, her mental status has been impaired since she received the blow to her head in Jacor's haunted house. She contends that she "often gets confused and forgets things" and is unable to manage her own affairs. Powell requested an extension of time to file psychological reports to buttress her claim that she was mentally unsound.

The district court denied Powell's request and granted Jacor's motion to dismiss, holding that under *Eades v. Clark Distributing Co., Inc.*, 70 F.3d 441 (6th Cir. 1995), Kentucky law applied and that the summons was not issued within the one-year statute of limitations. In addition, the district court rejected Powell's argument that the statute of limitations should be tolled because she was of unsound mind. The court reasoned that her current mental condition began only as a result of the incident in question, and as such does not meet the statute's requirement that the condition existed "at the time the cause of action accrued." Ky. Rev. Stat. § 413.170. Powell appeals, claiming that the court misapplied *Eades* and also misinterpreted the Kentucky tolling statute.

## II. ANALYSIS

### A.  Standard of review

Our review of a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is de novo. *Ziegler v. IGP Hog Market, Inc.,* 249 F.3d 509, 511-12 (6th Cir. 2001). In conducting such a review, we "must construe the complaint in the light most favorable to the plaintiff, accept all of the complaint's factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claim that would entitle him to relief." *Id.* at 512. A

A closer question is whether Powell met her burden of proof in establishing that she was in fact of unsound mind within the meaning of Kentucky Revised Statutes § 413.170(1). Powell submitted virtually no evidence to support her claim. The district court's opinion, however, relied almost exclusively on the legal misapprehension discussed above that a mental disability caused by the incident giving rise to the cause of action cannot be the basis for tolling the statute. Powell's filing of a pro se complaint is the only evidence cited by the court to indicate that she was not of unsound mind. But the key question is whether Powell was of unsound mind at the time the cause of action accrued, not when she subsequently filed her lawsuit. The fact that she may or may not have been of unsound mind when she filed her pro se complaint nearly a year later is therefore irrelevant.

For the reasons stated above, we disagree with the district court's determination that the statute of limitations could not have been tolled as a matter of law by a mental disability caused by the injury giving rise to the litigation. This is not to say that Powell has met her burden of proving that she was in fact of unsound mind. But if Powell can prove that she was immediately rendered mentally unsound by the blow to her head, then her action would be within the purview of Kentucky Revised Statutes § 413.170(1). She would therefore have complied with the Kentucky statute of limitations so long as the summons was issued within one year from the date that the disability is deemed to be lifted.

## III. CONCLUSION

Because we have determined that the Kentucky statute of limitations was tolled by the pending IFP petition, and that it will also be tolled if Powell can establish that her alleged mental disability was caused by the injury in question, we **REVERSE** the judgment of the district court and **REMAND** the case for further proceedings consistent with this opinion.

A Kentucky case directly on point is *Southeastern Kentucky Baptist Hospital, Inc. v. Gaylor*, 756 S.W.2d 467 (Ky. 1988), where the court assumed, without discussion, that the plaintiff's emotional condition resulting from the stillbirth of her child—this being the event that gave rise to the lawsuit—could trigger Kentucky Revised Statutes § 413.140(1). Other courts that have explicitly discussed the tolling issue raised in the present case have held that a mental condition caused by the very injury giving rise to the cause of action can be used to toll the statute of limitations under statutes comparable to Kentucky's. *Rockwell v. Preferred Risk Mut. Ins. Co.*, 710 So. 2d 388 (Miss. 1998) (holding that a similar tolling statute may apply to a case where the plaintiff argued that he was of unsound mind at the time his action accrued because of a head injury that created his cause of action); *Unkert v. Gen. Motors Corp.*, 694 A.2d 306, 309 (N.J. Super. Ct. App. Div. 1997) (rejecting as "casuistry" an interpretation of a tolling statute that would require a plaintiff to demonstrate insanity a "split-second" prior to the alleged injury); *Nebola v. Minn. Iron Co.*, 112 N.W. 880 (Minn. 1907) (holding that where the plaintiff's personal injury and his resulting insanity occur on the same day, the two events are legally simultaneous).

The only authority cited by the district court in reaching a contrary conclusion is *Fox v. Hudson's Executor*, 150 S.W. 49 (Ky. 1912). *Fox* stands for the proposition that once a statute begins to run, a subsequent disability does not stop it. 150 S.W. 2d at 52. Although we agree with the legal principle enunciated in *Fox*, we conclude that it has no application to the instant case. In *Fox*, the plaintiff alleged that she was under the legal disability of being a married woman. The court rejected her tolling argument, however, because she was single at the time the cause of action accrued and did not marry for nearly a year thereafter. *Id.* A subsequent disability unrelated to the cause of action, as in *Fox*, is easily distinguishable from a disability instantaneously created by the very incident giving rise to the cause of action.

district court's determination of state law is also subject to de novo review. *Id.*

**B.   The district court erred in holding that Powell was not entitled to tolling on the basis of her IFP petition**

Under Kentucky law, a cause of action for personal injury must be commenced within one year of the accrual of the action. Ky. Rev. Stat. § 413.140(1)(a). Powell filed her pro se complaint within one year of her injury. But because Powell sought IFP status, her complaint was subject to the screening process required by 28 U.S.C. § 1915(e)(2). As a result, the summons was not issued until more than a year after Powell was injured.

An action commences in Kentucky "on the date of the first summons or process issued in good faith from the court having jurisdiction of the cause of action." Ky. Rev. Stat. § 413.250. In contrast, under the Federal Rules of Civil Procedure "[a] civil action is commenced by filing a complaint with the court." Fed. R. Civ. P. 3.

If Powell had not sought IFP status, the summons could have been issued at the time her claim was filed. Her suit would then have been timely under both Kentucky law and the Federal Rules of Civil Procedure. Alternatively, if Powell had filed her complaint and sought IFP status in state court, her suit would also have been timely, because Kentucky has no screening process analogous to that in the federal courts. In sum, Powell's complaint was dismissed simply because she elected to proceed in federal court and sought IFP standing. We find this result troubling.

Jacor claims that Powell's filing was not timely because her suit was not "commenced" within one year as defined by Kentucky law. Powell argues, however, that the statute of limitations should be tolled while her motion for IFP status was pending. This court has previously held that an IFP motion tolls the statute of limitations for federal purposes. *Truitt v. County of Wayne*, 148 F.3d 644, 648 (6th Cir. 1998)

(stating that the 90-day period for filing a Title VII suit after receipt of a right-to-sue letter should be tolled during the pendency of a plaintiff's IFP application). We have also held that, in a diversity case, state law determines when an action commences. *Eades v. Clark Distrib. Co., Inc.*, 70 F.3d 441 (6th Cir. 1995) (holding that Kentucky law, not the Federal Rules of Civil Procedure, establishes when an action is deemed to have commenced in a personal injury diversity action). Both cases, however, are distinguishable—*Truitt* because it did not involve a diversity action and *Eades* because there was no IFP petition pending. The present case thus presents a unique set of circumstances with no precise precedent.

Powell's suit was dismissed by the district court on the basis of *Eades*. But *Eades* and the line of cases from which it descends sought to insure the opposite result from what has occurred in this case. In *Eades*, the court relied on Supreme Court precedent first established in *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938). *Erie* held that "except in matters governed by the Federal Constitution or by Acts of Congress, the law to be applied in any [diversity] case is the law of the State." 304 U.S. at 78. The intent of the *Erie* decision, according to the Supreme Court in *Guaranty Trust Co. v. York*, 326 U.S. 99, 109 (1945), "was to insure that, in all cases where a federal court is exercising [diversity] jurisdiction, . . . the outcome of the litigation in the federal court should be substantially the same, so far as legal rules determine the outcome of a litigation, as it would be if tried in a State court."

Jacor argues that to permit the statute of limitations to be tolled by a pending IFP petition allows a case brought in federal court to have a longer life than if the same matter had been brought in state court. Powell contends, however, that if we do not adopt a tolling rule, then the reverse will be true— actions brought in federal court will have a shorter life than those brought in state court. In essence, the problem in this particular case is that Powell's claim was subject to the

federal requirement that IFP actions be screened, which impacts the state's provision that an action is not deemed to have commenced until a summons is issued.

This court has never addressed the question of whether 28 U.S.C. § 1915(e)(2) tolls the statute of limitations in diversity actions. Neither party cites, nor can we find, any case directly on point from other jurisdictions. This court's own decision in *Truitt v. County of Wayne*, 148 F.3d 644 (6th Cir. 1998), appears to be the closest case by way of analogy, holding that the statute of limitations is tolled in a federal-question case while an IFP petition is being screened. We see no principled reason why the same result should not apply in diversity cases. In light of *Truitt,* and in order to be consistent with the principles of federalism underlying *Erie* and *York*, we hold that a claim that would have been timely in state court should not be time-barred in federal court. We therefore hold that the statute of limitations was tolled while Powell's IFP petition was pending.

## C.   The district court also erred in holding that Powell was not entitled to tolling on the basis of an unsound mind

Under Kentucky law, a cause of action for personal injury must be commenced within one year of the accrual of the action. Ky. Rev. Stat. § 413.140(1)(a). Both parties agree, however, that the statute of limitations was tolled if Powell was of unsound mind "at the time the cause of action accrued." Ky. Rev. Stat. § 413.170(1). Their dispute centers on the meaning of this quoted phrase. Jacor, with whom the district court agreed, contends that the phrase requires that a plaintiff be of unsound mind *before* the injury giving rise to the suit occurred. Powell, on the other hand, argues that the unsound-mind requirement is also met if the plaintiff is rendered of unsound mind by the injury itself. We agree with Powell's interpretation.