A. B. CONRAD *v.* INTERSTATE LIFE & ACCIDENT INSURANCE
COMPANY.

(*Knoxville.* September Term, 1918.)

1. **INSURANCE.** Health and accident insurance. Extent of liability.

Under accident policy· limiting liability to three weeks' benefit for disability from hernia, one receiving an accidental hernia was not limited to three weeks' recovery. (*Post, pp.* 16, 17.)

Cases cited and approved: Travelers' Ins. Co. v. Murray, 16 Colo., 296; Atl. Assurance Ass'n v. Alexander, 104 Ga., 709; Miner v. Travelers' Ins. Co., 3 Ohio S. &. C. P. Dec., 289; Berry v. United Commercial Travelers of America, 172 Iowa, 429.

Case cited and distinguished: Keen v. Continental Casualty Co., 175 Iowa, 513.

2. **INSURANCE.** Payment of premiums. Presumptions.

The presumption is that the insured has paid all premiums due when he exhibits a receipt for the last month's premium. (*Post, p.* 17.)

3. **ACCORD AND SATISFACION.** Fraud. Pleading.

In action at law, where accord' and satisfaction is pleaded, plaintiff may set up fraud in securing the accord. (*Post, pp.* 17, 18.)

Cases cited and approved: Brundige v. Railroad, 112 Tenn., 530; Byers v. Railroad, 94 Tenn., 345; Street Railway Co. v. Giardino, 116 Tenn., 368.

4. **ACCORD AND SATISFACTION.** Rescission. Return of Moneys received.

Where insured accepted less than the amount due as accord and satisfaction, and the insurer in his action set up such accord and satisfaction, which the insured alleged was obtained by fraud, the return of the money received was not prerequisite to recovery of the true amount due, since in any event the insurer was liable for more than it had paid. (*Post, p.* 18.)

Conrad v. Life & Accident Ins. Co.

Cases cited and approved: Fox v. Hudson's Ex'x et al., 150 Ky., 115; Street Railway Co. v. Giardino, 116 Tenn., 368.

FROM KNOX.

Appeal from the Circuit Court of Knox County.— Hon. Von A. Huffaker, Judge.

S. E. Hodges, for plaintiff.

Noble Smithson, for defendant.

Mr. Justice McKinney delivered the opinion of the Court.

This is a suit on an accident policy issued by the defendant to the plaintiff.

During the life of the policy the plaintiff sustained an accident causing hernia. Part 8 of the policy is as follows:

"In the event of the disability resulting from rheumatism, paralysis, tuberculosis, sciatica, lumbago, malaria, neuritis, cystitis, varicose veins, hernia, dementia, pellagra, insanity, or chronic infirmity, then in any such case referred to in this paragraph the limit of the company's liability shall be a sum not exceeding three weeks if a regular or one month's indemnity if a special policy within a period of twelve months, as provided in part 7 of this policy."

The defendant paid the plaintiff for one month's disability, but declined to pay for the remainder of the

period that he was disabled, relying upon the above clause as a defense.

The plaintiff contends that the hernia sustained by him is not the kind of hernia contemplated by the contract, and that, therefore, he is not limited to four weeks' indemnity for the injury suffered by him; while, on the other hand, the defendant contends that the clause covers hernia in all of its forms.

While this question is one of first impression in this state, it has frequently been before the courts in other States.

"A provision in a policy that the insurance shall not cover injury or death resulting from or due to hernia or rupture will not prevent a recovery for the death of the insured caused by rupture or hernia accidentally produced." *Travelers' Ins. Co.* v. *Murray,* 16 Colo., 296, 26 Pac., 774, 25 Am. St. Rep., 267; *Atl. Assuarance Ass'n* v. *Alexander,* 104 Ga., 709, 30 S. E., 939, 42 L. R. A., 188; *Miner* v. *Travelers' Ins. Co.,* 3 Ohio S. & C. P. Dec., 289; *Berry* v. *United Commercial Travelers of America,* 172 Iowa, 429, 154 N. W., 598, L. R. A., 1916B, 617, Ann. Cas., 1918A, 706.

In an extended note to this last case many authorities are cited, and the general rule is stated to be as follows:

"Generally a special provision in an accident insurance policy excepting disability or death due to hernia or rupture does not relieve the insurer from liability where the proximate cause of the death or disability is hernia or rupture caused by an accidental injury."

In the note just referred to the editor says:

"It is, of course, possible so to frame a hernia clause as to exclude liability for hernia caused by an accident.

Thus in *Keen* v. *Continental Casualty Co.*, 175 Iowa, 51?, 154 N. W., 409, where the policy . . . provided that 'where accidental injury results in hernia, . . . the amount payable shall be one-fourth of the amount which otherwise would be payable under this policy,' " etc.

From these authorities we are of the opinion. that plaintiff is not limited to one month's indemnity, and that the first five assignments of error going to this question are not well taken.

The sixth assignment of error is to the effect that the court of civil appeals was in error in holding that the policy was in effect at the time of the accident.

A sufficient answer to this is the admission by the defendant of liability, and furthermore the plaintiff testifies that he had paid his premiums, and exhibits a receipt for his September premium, and the presumption is that by paying his September premium, and same having been accepted by the company, that he had paid the preceding premiums. The injury occurred in September.

The seventh and ninth assignments of error challenge the action of the court of civil appeals in decreeing that there was no accord and satisfaction, and in not holding the release, executed by the plaintiff, effective.

"When a plea of accord and satisfaction is interposed, it is proper in a suit at law for the plaintiff to meet such a plea by a replication that the release was obtained by fraud, whether the fraud be in the execution or in representation of material facts inducing execution, and the question of fraud is one for the jury." *Brundige* v. *Railroad,* 112 Tenn., 530, 81 S. W., 1248;

141 Tenn.—2

*Byers* v. *Railroad,* 94 Tenn., 345, 29 S. W., 128; *Street Railway Co.* v. *Giardino,* 116 Tenn., 368, 92 S. W., 855.

The plaintiff contends that the release was procured by fraud.

The eighth assignment of error is to the effect that the plaintiff would have to return the $30 paid him before he would be in a position to recover more.

"The general rule that one receiving money in discharge of a liability must restore it before he can avoid the contract for fraud does not apply, if he is in any event entitled to retain the amount received." *Fox* v. *Hudson's Ex'x et al.,* 150 Ky., 115, 150 S. W., 49, reported in Ann. Cas., 1914A, 832.

In Corpus Juris, vol. 1, p. 571, it is said:

"Where an accord and satisfaction is fully executed, the general rule is that there can be no rescission on the ground of fraud, without restoring or offering to restore what has been accepted in satisfaction.

"The rule, however, is subject to some limitations and exceptions. It does not apply where the defendant admits that what was paid was justly due under the contract sued on."

This does not conflict with *Street Railway Co.* v. *Giardino,* 116 Tenn., 368, 92 S. W., 855, in which the general rule above announced is approved. The case at bar falls within the exception. The defendant admits that it owed the plaintiff the $30 paid to him; therefore he did not have to restore the $30.

The judgment of the court of civil appeals is affirmed.