JOE GLOVER *v.* L. & N. R. R. Co.

(*Jackson,* April Term, 1931.)

Opinion filed July 18, 1931.

John W. Hildrop and J. T. Baskerville, for plaintiff in error.

Seay, Stockell, Edwards & Keeble, for defendant in error.

Mr. Justice Swiggart delivered the opinion of the Court.

Glover sued for damages for personal injuries. The defendant pleaded not guilty, and accord and satisfaction, in that it paid and Glover accepted $1200 "in full satisfaction" of the damages sued for. Glover's replication to the plea of accord and satisfaction was held insufficient on demurrer, and his suit was dismissed. He has appealed in error. The principal ground of the demurrer is that the plaintiff did not make legal tender and pay into court the sum he had been paid in satisfaction of his cause of action.

The declaration avers that Glover's injuries were received on November 16, 1926, and that he became twenty-one years of age on December 18, 1926, thirty-two days after the date of his injuries. The suit was commenced September 7, 1927, more than eight months after Glover attained his majority.

The replication avers that plaintiff was paid $1200 by defendant, on account of his injuries, and that he signed "some sort of paper," the day before he was discharged from the hospital, which was "about thirty days" from the date of his injuries; that on the day after the money was received, his father communicated with defendant's agents, who had paid the money, and, "in a day or two," said agents came to plaintiff's home, at which time and place the $1200 was tendered said agents for the return of the paper plaintiff had signed, which offer was refused.

The replication avers that the alleged settlement was had with plaintiff when he was mentally and physically incapacitated, under circumstances amounting to fraud, in addition to the fact that he was then an infant; that

when he tendered the $1200 back to defendant's agents, he advised them that this sum was wholly inadequate and that he had been defrauded; that the said agents left with the statement that "they would see if anything could be done further and would let plaintiff know;" that plaintiff then told said agents that he would only retain the amount he had received "as payment on what the company was justly due him and would bring suit on the balance due unless it was adjusted;" that while waiting vainly to see whether defendant would make any further payment, and before this suit was commenced, he had spent the $1200, in payment of debts and purchase of necessaries, and, his earning power destroyed by his injuries, he had no funds.

It is further averred in the replication, as excuse for plaintiff's failure to pay the $1200 in court when the suit was brought, that defendant's agents admitted, when the payment was made, that defendant was due plaintiff that much in any event; and it is averred that defendant was in fact due plaintiff more than four times the sum paid.

The averments of the replication, together with the facts stated in the declaration, show payment to the plaintiff not more than two or three days before the date on which he assumed the status of an adult; and the necessary inference is that the entire sum was in his hands after he had attained his majority, when it was tendered to defendant's agents. It was therefore retained by plaintiff and applied to his own uses after he attained his majority, on account of which he was unable to pay the sum into court in aid of his claim of fraud.

Under these circumstances, the mere fact of infancy at the date of the allegedly fraudulent settlement and

payment will not excuse the failure to tender and pay into the court the sum received in satisfaction of the cause of action. *Lane* v. *Dayton, etc., Co.,* 101 Tenn., 581; *Turney* v. *Railroad,* 127 Tenn., 673.

In each of the two cases cited, this court quoted approvingly from a note of the editor, 26 L. R. A., 177, saying: ''The rule which comes the nearest to being general is that all consideration which remains in the infant's possession upon his reaching majority, or at the time of an attempted disaffirmance in case he is still under age, must be returned, but that disaffirmance will not be defeated by inability to return what he has parted with prior to such time.''

The issue tendered by the replication is that the settlement of the cause of action pleaded by defendant should be rescinded because of fraud and unconscionable advantage in its procurement. While this issue is properly tendered in an action of this kind at law, the relief sought by plaintiff from the consequences of his settlement is equitable in its nature. *Prater, Admr.,* v. *Marble Co.,* 105 Tenn., 499; *Brundige* v. *Railroad,* 112 Tenn., 526. Therefore the rules of equity relating to suits for rescission are applicable, in so far as they can be enforced in a court of law. *Tuck* v. *Payne,* 159 Tenn., 192.

(3) ''As to the necessity for paying or tendering back the consideration received on a fraudulent agreement in order to rescind, the authorities are practically agreed.'' *Street Ry. Co.* v. *Giardino,* 116 Tenn., 368, 377.

And in the case just cited, at pages 379-380, the court said:

''In cases when it is sought to rescind a contract on the ground of fraud, it is the rule that the tender or payment should be made when the fraud is pleaded and re-

lied on, as that is the evidence and legal act of disaffirmance and repudiation.

"In case when there has been an accord and satisfaction, and it is relied on, and fraud in obtaining it is set up by replication, the tender or payment should be made when the replication repudiating the settlement is set up and relied on.

"It is said, however, that it may be done afterwards, as was done in this case; and, inasmuch as no damage accrues by not paying the money into court earlier, it may be paid at any time during the trial, or may be credited on the recovery.

"That it may not be credited on the recovery is expressly held in *Lane* v. *Dayton Coal Co.*, 101 Tenn., 581, 48 S. W., 1094, *supra*.

"But we think that the correct principle is that it must be paid or tendered so soon as the accord and satisfaction is sought, by the pleadings, to be avoided and repudiated; and that it is a condition precedent to the right of the plaintiff to proceed with his suit that he make such tender or payment when he asks the court to set aside the agreement.

"The principle is the same in both cases, that the tender or payment must be made so soon as the plaintiff asks the court to set aside the agreement; and he cannot be permitted to proceed with the original consideration in his hands, and test the judgment of the court whether he shall receive more. It is not a question of damage to the defendant, but of the right of the plaintiff to proceed."

It is clearly not sufficient that the plaintiff, some months before his suit was commenced, offered to return the sum he had been paid. The offer or tender must have

been continuous or repeated at the time the issue of fraud was tendered, in order to satisfy the equitable requirement that "he cannot be permitted to proceed with the original consideration in his hands, and test the judgment of the court whether he shall receive more." *Street Ry. Co.* v. *Giardino, supra.* "Where a tender is made for the purpose of basing a demand for affirmative relief on it, the rule . . . founded on the principle that he who seeks equity must himself do equity is called into action, and requires the tender to be kept good." 23 Ruling Case Law, 645 (Tender, sec. 26). "Where the debt remains after the tender, a tender of money to be available to the party tendering must be kept good, otherwise it is abandoned, and a tender of money must be kept good if it is to be made the basis for affirmative relief by the tenderer who, either as plaintiff or defendant, invokes the equitable powers of the Court." 38 Cyc., 158-159.

Plaintiff cites *Greener & Sons* v. *Southern Ry. Co.,* 155 Tenn., 486, holding a tender unnecessary when it is reasonably certain that the tender will be refused, and seeks to apply such a rule to excuse his failure to make tender in support of his replication herein. But it must be obvious that such a rule can have no application here. The rule is one formulated in suits to enforce contracts, express or implied, and is stated in *United States* v. *Lee,* 106 U. S., 196, 202, 27 L. Ed., 171: "It is a general rule that, when the tender of performance of an act is necessary to the establishment of a right against another party, this tender or offer to perform is waived or becomes unnecessary when it is reasonably certain that the offer will be refused." Quoted in *Bank* v. *Smith,* 110 Tenn., 337, 355. But in a pleading to rescind a settlement

for inducing fraud, after such settlement has been pleaded by an adversary as an accord and satisfaction, it is always "reasonably certain" that a tender will be refused when to accept it would be to reopen the claim which was the subject of the settlement pleaded. Yet in such cases the rule is general that the tender should be made "when the replication repudiating the settlement is set up and relied upon."

So also, must distinction be made between a case of this character and that considered in *Conrad* v. *Life & Accident Ins. Co.*, 141 Tenn., 14, wherein this court quoted from *Fox* v. *Hudson's Executrix*, 150 Ky., 115, 150 S. W., 49, Ann. Cas., 1914A, 832: "The general rule that one receiving money in discharge of a liability must restore it before he can avoid the contract for fraud does not apply if he is in any event entitled to retain the amount received." Plaintiff seeks to bring this case within the exception stated in the quotation, because of the averment of the replication that when the settlement was made, defendant's agents admitted that the plaintiff was entitled to the sum paid "in any event." But the meaning of the court, in stating the rule and exception, was that payment or tender is not required of the plaintiff if, whether he be successful or not in his suit, he is nevertheless entitled to the amount already paid him. And that was the case in *Conrad* v. *Life & Accident Ins. Co.*, *supra*. But in the case at bar, it is manifest that the plaintiff, if permitted to repudiate the settlement made with defendant, would be entitled to nothing if he failed to establish the defendant's legal liability for his injury, as averred in his declaration. The opinion of the Kentucky Court of Appeals, from which the quotation is taken, expressly recognized that the stated exception to

the general rule has no application to a case involving unliquidated damages for tort, the court saying: "Where the claim is for unliquidated damages or when the settlement is made to adjust a matter in dispute, or where there is a controversy as to the amount owing, and the parties agree upon a sum that shall be paid in settlement the amount so paid must be returned if the party settled with seeks to avoid the settlement on the ground of fraud."

The facts pleaded bring the case clearly within the rule of *Street Ry. Co.* v. *Giardino, supra.* Plaintiff, having in his possession, at the date of attaining his majority, a sum of money paid to him by defendant, in satisfaction of the cause of action stated in his declaration, subsequently appropriated it to his own use; and is therefore without legal excuse for his admitted failure and inability to tender or repay such sum, which is a required condition to his right to have the court rescind the settlement for fraud in its procurement. The settlement pleaded by the defendant was therefore a good defense to the declaration, and the suit was properly dismissed. The judgment of the circuit court is accordingly affirmed.