GIBBONS v. MUTUAL BEN. HEALTH & ACCIDENT ASS'N.

(*Jackson*, April Term, 1953.)

Opinion filed June 5, 1953.

E. F. McClure, of Memphis, for appellant.

Walter P. Armstrong, Jr., and Armstrong, McCadden, Allen, Braden & Goodman, of Counsel, all of Memphis, and Jones Greer, of Dyersburg, for appellee.

Mr. Justice Tomlinson delivered the opinion of the Court.

This is an appeal from a decree sustaining a demurrer to the bill filed by Gibbons against the Mutual Benefit Health and Accident Association.

The bill alleges that in March of 1949 the Insurance Company issued Gibbons a sick and accident insurance policy providing for payment of $100 per month to him if he became totally disabled, and that on October 25, 1949 he filed proper notice and proof with the Company that he had become so disabled; that the Insurance Company denied liability on the ground that he had procured this policy by fraud, and tendered him the premium of $46 which he had paid. The bill then alleges that in February of 1950 the Company through its agents, after stating to him that there was "absolutely no liability on the policy" by reason of his alleged fraud, then offered to settle it for $500, this being in "full settlement and re-

lease of all claims against the defendant'', Insurance Company. Gibbons agreed to this and accordingly executed settlement release and received the $500.

The bill alleges that the representations made by the defendant through its agent that there was no liability on the policy were false and fraudulent, and that the offer of settlement made by it was accepted by the defendant because he was uneducated, sick and greatly disturbed by his physical condition.

This bill was filed in March of 1952. The relief sought by it is that the settlement which he made with the Company be held void because of the alleged fraud in its procurement, and that the Company be required to pay him according to the provisions of the policy. It is alleged that much more than $500 is now owed him under its terms, and it is prayed that the judgment to be rendered against the Company be credited with the $500 previously paid under the settlement.

The ground of the demurrer sustained by the Chancellor was that the repayment of the $500, or the tender thereof by complainant to defendant ''is a prerequisite to the maintenance of this suit as a matter of law''.

██ It is the contention of the complainant that the law does not require the tender back of this $500 because his bill alleges that under the provisions of the policy the insurance company owes him more than that amount. This allegation only states a conclusion of the complainant. A demurrer does not admit the truth of conclusions alleged. *Brimer* v. *Municipality of Jefferson City,* 187 Tenn. 467, 473, 216 S. W. (2d) 1.

In support of his contention that he is not required to tender back this $500 complainant relies upon *Conrad* v. *Interstate Life & Accident Insurance Company,* 141 Tenn. 14, 206 S. W. 34. One assignment of error in that

case was that the plaintiff would have to return the $30 paid him as a prerequisite to the maintenance of his suit. The Court rejected this insistence because the defendant admitted owing plaintiff that amount. That holding is not applicable here because the bill alleges that defendant denies liability for any amount.

There are a number of cases in which this Court has held that one who seeks to avoid an accord and satisfaction agreement on the ground that such agreement was obtained by fraud must, as a prerequisite, tender back the money received under the executed agreement sought to be avoided. The principle is fully discussed in *Glover* v. *Louisville & N. R. R. Co.*, 163 Tenn. 85, 40 S. W. (2d) 1031. It so happens that all of our cases deciding this question were based on claims ex delicto. On principle, however, there ought to be no difference when the claim is ex contractu. And it is expressly so held in the South Carolina case of *Riggs* v. *Home Mutual Fire Protection Association*, 61 S. C. 448, 39 S. E. 614.

The annotator in 134 A. L. R., page 108, states that "where it is sought to avoid a settlement or release of a claim under an insurance policy or fraternal benefit certicate, a return or tender of the consideration paid for the release or settlement is a condition precedent to the granting of relief". Cases from a number of States are cited in support of the rule stated.

According to the text of 1 C. J. S., Accord and Satisfaction, Section 44, page 547, the general rule is that a "party cannot have the accord and satisfaction avoided, rescinded, or set aside on the ground of fraud or mistake unless he first restores or offers to restore what he has received". The text of 45 American Jurisprudence 713, is to the same effect, though it refers to some cases holding to the contrary on grounds stated in those cases.

■ Nothing else appearing, principle, as well as the great weight of authority, supports the rule that money received in settlement of a claim on an insurance policy must be returned or tendered back as a prerequisite to the maintenance of a suit to avoid such settlement because of alleged fraud in its procurement. The decree of the Chancellor so holding is affirmed.