WELKER CORDELL, Plaintiff in Error,

*v.*

SKY RIDES OF AMERICA, INC., Defendant in Error.

404 S.W.2d 488.

(*Knoxville*, September Term, 1965.)

Opinion filed June 3, 1966.

BERKE & BERKE, Chattanooga, for plaintiff in error.

SPEARS, MOORE, REBMAN & WILLIAMS, Chattanooga, for defendant in error.

MR. JUSTICE CRESON delivered the opinion of the Court.

This appeal comes from the Circuit Court of Hamilton County, Tennessee. The parties will be referred to as they appeared in the trial court; that is, plaintiff in error, Welker Cordell, as petitioner, and defendant in error, Sky Rides of America, Inc., as defendants.

On July 30, 1965, petitioner and defendant filed a joint petition in the Circuit Court of Hamilton County, Tennesses, seeking approval by that Court of a settlement of the rights of petitioner under the Tennessee Workmen's Compensation law. This settlement provided that the defendant would pay to the petitioner the sum of $1,350.00, $800.00 of which was for medical expenses and $396.00 of which was to cover eleven weeks temporary total disability. The remainder represented permanent partial disability, amounting to approximately 10% to the body as a whole. This settlement was approved by the Court by an order entered on July 30, 1965.

On August 23, 1965, the petitioner filed a petition for a rehearing and new trial to set aside the previous award. At this point in the proceeding, Maryland Casualty Company was named as a defendant. On September 21, 1965, the defendants filed a motion to dismiss, on the ground that the petitioner had not tendered into court all monies paid to him under the settlement agreement. On January 24, 1966, the trial court dismissed the petition to rehear, to grant a new trial, and to set aside the compensation award. This was done on the basis of petitioner's failure to tender to the Court money received by him from the defendant under the prior compensation settlement.

Petitioner has timely perfected his appeal to this Court. His single assignment of error is as follows:

"1. The Court was in error in dismissing petitioner's 'Petition for Rehearing, New Trial, and to Set Aside Compensation Award' on the grounds that the petitioner had not tendered back to the defendant the amounts received under the compensation settlement."

We are compelled to overrule this assgnment of error under the law of this State as it presently stands. In a recent decision of this Court in *Lindsey v. Hunt* (1965) 215 Tenn. 406, 387 S.W.2d 344 (Opinion on Second Petition to Rehear) and also reported in Tenn., 384 S.W.2d 441 (Original Opinion and Opinion on First Petition to Rehear) Chief Justice Burnett exhaustively, and with fine discrimination, examined the law of this State on the question here presented, both statutory and decisional. The Opinion on the Second Petition to Rehear, first cited above, unequivocally establishes that the traditional rule requiring tender as a condition to seeking to

set aside a settlement still obtains in this State. That Opinion makes it abundantly clear that T.C.A. sec. 23-3002 which permits rescission of settlements in certain instances without tender of the amount previously received under the settlement sought to be rescinded, relates to tort actions—and not to cases arising under the Workmen's Compensation Law. We must concede that the argument of counsel for petitioner is, morally speaking, a persuasive one. To sustain this argument, however, would require this Court to exceed its proper judicial function. The Workmen's Compensation Law of Tennessee is exclusively a creature of its legislature; and it is that body only which may bring about such change of the law as would be required to support the petitioner's insistence here.

We can do no more than overrule the assignment of error and affirm the judgment of the trial court, with costs against plaintiff in error.

BURNETT, CHIEF JUSTICE, and WHITE, DYER and CHATTIN, JUSTICES, concur.