William COCKRELL, Appellant,

v.

B & S CONCRETE SUPPLY and Great American Insurance Company, Appellees.

Supreme Court of Tennessee.

Feb. 7, 1972.

**10**

S. W. Fleming, Columbia, for appellant.

William H. Woods and Richard D. Speight, Goodpasture, Carpenter, Woods & Sasser, Nashville, for appellees.

---

OPINION

HUMPHREYS, Justice.

The plaintiff-in-error, William Cockrell, petitioned the court below for a writ of error coram nobis to set aside a settlement in a Workmen's Compensation case. A demurrer to the petition was filed by the defendants-in-error, B & S Concrete Supply, Cockrell's former employer, and Great American Insurance Company, the Workmen's Compensation carrier. The demurrer was sustained by the trial judge and appeal was taken to this Court.

■ In light of the issue which we are constrained to hold dispositive of this case, it is unnecessary to elaborate on either the substance of the petition or any but one of the several grounds of demurrer. That ground is the petitioner's failure to tender to the court the funds which he received in the settlement sought to be avoided. That such a tender is a condition precedent to relief in a case of this nature is beyond dispute. We can say no more than did the Court in Lindsey v. Hunt, 215 Tenn. 406, 384 S.W.2d 441, 387 S.W.2d 344 (1964), when the question was first considered, and Cordell v. Sky Rides of America, 1218 Tenn. 485, 404 S.W.2d 488 (1965), which reaffirmed the *Lindsey* holding.

■ Indeed, it is apparently (and necessarily) conceded that the law of Tennessee is settled in this regard, and the sole contention is that the petitioner is indigent, and that on account of his indigency the requirement that he tender the amount of settlement as a pre-condition to relief is a violation of his rights under the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution. To support this proposition petitioner relies upon the opinions of the United States Supreme Court in the cases of Griffin v. Illinois, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891 (1956) and, especially, Broddie v. Connecticut, 401 U.S. 371, 91 S.Ct. 780, 28 L.Ed.2d 113 (1971).

˙ In our view these cases are not controlling. Obviously we are not dealing with a criminal defendant whose indigency may prevent him from obtaining the full benefit of the appellate process, as in *Griffin*; nor are we concerned with a denial of access to the courts by requiring payment of court costs and fees, as in *Broddie*. Here there is no question involving availability of the courts to an indigent. What is involved is a substantive rule of law requiring one who has received valuable consideration in exchange for the relinquishment of his rights against another to tender back that consideration as a condition to the restoration of those rights.

It may well be that this rule, in application, will deny relief to an indigent, and not to the more affluent, and thus, in a sense, discriminate against him. In the same sense it may discriminate against anyone whose means are, relatively, more modest than another's. But clearly every disadvantage accruing to those of relatively modest means in our society is not eradicated under the Constitution, nor could it be. Where, as here, the law requires simply the restoration of a benefit received, we cannot say that its application to an indigent results in the sort of "invidious discrimination" prohibited by the Fourteenth Amendment.

We point out that what we have said implies no approval of the rule discussed. To the contrary, if it were our province to do so, we might well refuse to follow it. We may only repeat what was said in Lindsey v. Hunt, and Cordell v. Sky Rides of America, supra, that this is exclusively a matter for the attention of the legislature.

Affirmed.

DYER, C. J., and CHATTIN and Mc-CANLESS, JJ., concur.

CRESON, J., concurs in result.