Kate LYNCH, Executrix of the Estate of Gordon Lynch, Plaintiff-Appellant,

v.

Epper Newman WEBB, Administratrix of the Estate of Obie B. Newman, Defendant-Appellee.

Court of Appeals of Tennessee, Western Section, at Nashville.

May 27, 1982.

Application for Permission to Appeal Denied by Supreme Court Sept. 7, 1982.

Granville S. R. Bouldin, Murfreesboro, for plaintiff-appellant.

W. Kennerly Burger, Murfreesboro, for defendant-appellee.

NEARN, Judge.

This case was tried by the Circuit Judge on the wrong theory; which action resulted in a misapplication of rules of law. Accordingly, the matter must be remanded for a new trial.

Obie B. Newman owned 45 acres in fee and owned a one-half undivided interest in 90 acres with his sister, Mrs. Epper Newman Webb. The acreage was adjoining and comprised the Newman farm which had been in the family for over 100 years. Newman and his sister had lived on the place all their lives. Evidently, they were the surviving patriarch and matriarch of the Newman family.

Gordon Lynch was Obie Newman's long time friend. Obie Newman died in 1977. Gordon Lynch was named as executor and beneficiary in the purported will of Newman in which will Lynch would receive the 45 acres and the one-half interest in the 90 acres owned by Newman. The sister, Mrs. Webb, contested the will and the Trial Court, in the will contest case, found that a confidential relationship existed between Obie Newman and Gordon Lynch and that Lynch had failed to show the complete fairness of the transaction or that Newman had available competent independent advice at the time of the execution of the will. Accordingly, that Trial Court held that Lynch had failed to rebut the presumption of undue influence that arises upon the showing of a confidential relationship. See *Parham v. Walker*, (1978 Tenn.App.W.S.) 568 S.W.2d 622. That matter was appealed by Lynch to the Court of Appeals where the results reached by the Trial Judge were affirmed.

Lynch then filed a claim against the estate of Newman for monies loaned and

advanced to Newman[1]. That claim is the subject of this litigation and this appeal[2].

■ At the hearing on this claim against the Newman estate, the Trial Judge found that he was bound under the doctrine of res judicata, as to such facts as were determined in the will contest case. He further found that in the will contest case, the Court of Appeals had held that there existed a confidential relationship between Newman and Lynch at the time the will was executed, which created a presumption of undue influence. See *Iacometti v. Frassinelli*, (1973 Tenn.App.W.S.) 494 S.W.2d 496, 499. Such being true, there was a rebuttable presumption that this condition continued to exist. See *Williams v. Jones*, (1963) 54 Tenn.App. (W.S.) 189, 388 S.W.2d 665, 671; *Bolling v. Anderson*, (1874) 63 Tenn. 550; *Puryear v. Reese*, (1868) 46 Tenn. 21, 28. The result was that in the matter of the claim against the estate (some of the alleged indebtedness was evidenced by notes signed by Obie Newman) the plaintiff Lynch was onerated with the burden of the presumption that his claim was invalid or void unless he could show the fairness of the transactions or that Newman had the availability of competent independent advice during the parties' transactions.

That burden would be properly placed upon Lynch during those periods a confidential relationship existed if the Court of Appeals had found that such relationship did in fact exist. However, we find that the Court of Appeals made no such finding in its disposition of the will contest appeal. The effect of that opinion authored by Judge Drowota, then a Judge of the Court of Appeals, was to affirm only the results reached by the Trial Judge and the Court did not concur in the Trial Judge's finding of fact. Judge Drowota was careful in the

opinion in the will contest case to speak only in the hypothetical or in alternatives. The Court stated that, insofar as the execution of the will was concerned, *either* a confidential relationship existed (which condition presumes undue influence) at that time *or* actual undue influence was exerted by Lynch on Newman at that time. The Court specifically declined to say which set of facts existed, but chose instead to say either one or the other existed and under either set of facts, undue influence (presumed or actual) existed. The declination of the Court to find a specific set of facts is evidenced by the contents of the penultimate paragraph of the Court's opinion which is:

> We note that should appellant's estate be able to prove the existence of certain loans allegedly made to Newman over the years, and that Newman's estate should validly be indebted to his according to the terms of these loans, then his estate might well be able to recover something in a separate lawsuit. But this is a different issue from that of whether the purported will in this case is valid.

■ Therefore, in this case the burden was not upon claimant to disprove a condition that had not been proved to exist (confidential relationship). When the burden of proof is in its proper position, the burden is on Mrs. Webb to show any legal infirmities in the claims as filed. The appellee Webb has not yet been given the opportunity to meet this burden. Indeed, heretofore there was no need for it as the Trial Court by its ruling had met that burden for her.

■ We cannot help but note that the parties have become so wrapped up in the interpretation of the opinion of the Court of Appeals in the will contest matter, where the issues of undue influence and confidential relationship as to the execution of the

---

1. Lynch died pending that appeal of the will contest; but, for the sake of clarity in the course of this opinion, we will refer to him by name as if living rather than use the name of his personal representative in whose name this claim is officially filed.

2. By way of explanation the claim under consideration was filed in the County Court of Rutherford County but a jury was demanded and the matter was transferred to the Circuit Court of Rutherford County where the jury was there waived and the matter was then considered by the Circuit Judge sans jury as provided in T.C.A. § 30–517.

will were determinative, that they have failed to consider whether those issues, while perhaps pertinent, may not be determinative of the issues presented by this case. While many cases may be cited that refer to the catch phrases "undue influence" and "confidential relationship," the principles underlying those phrases or doctrines ought be understood. The doctrine of presumed invalidity created by the evidence of a "confidential relationship" is intended to be used as a sword; not a shield. The doctrine came about where the situation was that the weaker of the parties had parted with his goods under the influence of the stronger and the *weaker* was seeking to recover them. Where the *weaker* is the *recipient* of the goods and the stronger is seeking to recover, absent most unusual circumstances or circumstances that would require the application of the equitable doctrine of "unclean hands," there is little reason for concern with the doctrine of "confidential relationship" because the weaker is the gainer and has been deprived of nothing because of the relationship.

In the instant case, a portion of the claims of Lynch are evidenced by notes. If either actual "undue influence" or an unrebutted presumed "undue influence" is proved on remand as to any one or all of the notes, the notes as such are invalid because, by the use of judicially forbidden means, the creditor has obtained promises from the weaker to pay interest, cost and attorney fees. However, the invalidation of the notes does not necessarily invalidate an underlying indebtedness represented by monies actually loaned to and received by the weaker and not intended as a gift. In those cases where the weaker party uses as a sword the doctrine of invalidity because of "confidential relationship" or similar doctrine to set aside a bargain, and regain that with which he has parted, equity will usually require that the weaker return, insofar as possible, that which it received in the bargain. See *Glover v. L. & N. R. R. Co.,* (1931) 163 Tenn. 85, 40 S.W.2d 1031.

The result is that for the reasons stated we must reverse the judgment below and remand for a new trial with the burdens of proof properly placed and considered.

Costs of appeal are assessed equally between the parties.

Done at Nashville in the two hundred and sixth year of our Independence and in the one hundred and eighty-seventh year of our Statehood.

SUMMERS and TOMLIN, JJ., concur.