James **BETTS**, Plaintiff–Appellant,

v.

**TOM WADE GIN and CNA Insurance Company, Defendants–Appellees**

Supreme Court of Tennessee,
at Jackson.

May 6, 1991.

T. Robert Hill, Hill, Boren, Drew & Martindale, Jackson, for plaintiff-appellant.

Richard Glassman, Glassman, Jeter, Edwards & Wade, Memphis, for defendants-appellees.

## OPINION

DAUGHTREY, Justice.

The sole issue in this workers' compensation case is whether the plaintiff-appellant should be required to tender to the court the money received pursuant to a settlement agreement as a condition precedent to an order setting aside that agreement. Because we now hold that tender is not required in cases such as this, we reverse the decision of the trial court and remand the matter for further proceedings.

This dispute arose as a result of severe injuries received by James Betts while working as a ginner at the Tom Wade Gin on November 26, 1988. Betts's hands became caught in a delinting machine at the gin and, after subsequent medical treatment in Jackson and Memphis, both of his arms were amputated slightly below the elbow.

Initially, Betts did not retain legal counsel to assist him in pursuing his worker's compensation claim. On September 5, 1989, the parties filed, and the trial court granted, a joint petition providing for a lump sum payment of $45,000 to Betts in full satisfaction of the claim. On September 20, 1989, however, after consulting a lawyer, Betts moved to have the settlement set aside, pursuant to the provisions of T.C.A. § 50–6–206.

■ The trial judge ruled that, despite the fact that the applicable statute does not require tender, Tennessee case law provides that any attempt to set aside a valid, court-approved agreement must be preced-ed by a tender of proceeds already received pursuant to that agreement. The court thus required Betts to tender the $45,000 lump sum payment. No tender was forthcoming and, on April 14, 1990, the court overruled Betts's motion to set aside the agreement.[1]

■ As noted by the trial judge, T.C.A. § 50–6–206 makes no mention of the concept of tender. In pertinent part, the statute provides

... that if it shall appear that any settlement approved by the court does not secure to the employee in a substantial manner the benefits of the Workers' Compensation Law, the same may, in the discretion of the trial judge, be set aside at any time within thirty (30) days after the receipt of such papers by the division of workers' compensation, upon the application of the employee or the director of the division of workers' compensation of the department of labor in his behalf, whether court has adjourned in the meantime or not....

Nevertheless, Tennessee courts have engrafted upon the law of workers' compensation a requirement of tender before setting aside a settlement agreement. In doing so, the courts have subscribed to the "general rule that a settlement may not be avoided without a prior return or tender of the consideration paid therefor...." 134 A.L.R. 6, 106; *see also* 82 Am.Jur.2d *Workmen's Compensation*, § 467, p. 230; 1 C.J.S. *Accord and Satisfaction*, § 70, p. 567; *Glover v. Louisville & Nashville Railway Co.*, 163 Tenn. 85, 91, 40 S.W.2d 1031, 1032–33 (1931) (suit for damages for personal injuries).

The leading Tennessee workers' compensation decision discussing the tender requirement is the case of *Lindsey v. Hunt*, 215 Tenn. 406, 384 S.W.2d 441 (1964), petition to rehear denied 215 Tenn. 406, 387 S.W.2d 344 (1965). In denying a second petition to rehear in *Lindsey*, this Court explained its reasoning in requiring tender

1. Betts filed a notice of appeal on May 2, 1990. The defendants-appellees argue, however, that the notice is untimely and that any appeal should have been perfected within 30 days of January 15, 1990, the date by which the tender was ordered. We hold that the court's April 14 order is the "final order" in this case and that Betts's notice of appeal was timely filed.

of agreement proceeds before attempting to set aside workers' compensation settlements. The Court recognized that *tort* statutes in Tennessee had been changed specifically to provide that tender was not required in order to challenge a prior settlement agreement. *Id.*, 387 S.W.2d at 345–46. Because *workers' compensation* statutes contained no similar disavowal of the general tender requirement, however, the Court held that the rule established in *Gibbons v. Mutual Ben. Health & Accident Ass'n*, 195 Tenn. 339, 259 S.W.2d 653 (1953), an insurance case decided prior to the statutory amendment eliminating tender in tort cases, "is still applicable to Workmen's Compensation cases...." *Lindsey v. Hunt, supra*, 384 S.W.2d at 346.

After the *Lindsey* decisions, courts in Tennessee routinely required tender in workers' compensation cases as a prerequisite to challenging settlement agreements. *See, e.g., Cordell v. Sky Rides of America, Inc.*, 218 Tenn. 485, 487–88, 404 S.W.2d 488, 489–90 (1966); *Cockrell v. B & S Concrete Supply*, 477 S.W.2d 9, 10 (Tenn.1972); *Wooley v. Gould, Inc.*, 654 S.W.2d 669, 673 (Tenn.1983).[2] Such subsequent cases, however, relied solely upon the precedent established in *Lindsey*. Thus, those cases, like *Lindsey*, stand for the proposition that a general rule of the law relevant to the rescission of contracts should be applied to workers' compensation cases because workers' compensation statutes do not specifically require a different result.[3]

The later cases, however, do not undertake an independent examination of the validity of applying contract principles to workers' compensation law, despite sometimes expressing doubts as to the efficacy of such applications. In *Cordell*, for example, the Court, although requiring the petitioner to tender the settlement proceeds into the trial court, stated:

We must concede that the argument of counsel for petitioner is, morally speaking, a persuasive one. To sustain this argument, however, would require this Court to exceed its proper judicial function. The Workmen's Compensation Law of Tennessee is exclusively a creature of its legislature; and it is that body only which may bring about such change of the law as would be required to support the petitioner's insistence here.

*Cordell v. Sky Rides of America, Inc., supra*, 218 Tenn. at 488, 404 S.W.2d at 490. Similarly, in *Cockrell*, this Court noted:

We point out that what we have said implies no approval of the rule discussed. To the contrary, if it were our province to do so, we might well refuse to follow it. We may only repeat what was said in *Lindsey v. Hunt*, and *Cordell v. Sky Rides of America, supra*, that this is exclusively a matter for the attention of the legislature.

*Cockrell v. B & S Concrete Supply, supra*, 477 S.W.2d at 11.

■ We believe, however, that deference to the will and pronouncements of the legislature mandates not unjustified homage to principles of contract law but, rather, abandonment of the tender requirement in workers' compensation cases. Although Tennessee's workers' compensation laws were passed in derogation of the common law, those statutes are remedial in nature and are to be construed liberally in order to attain the purposes for which they were enacted. T.C.A. § 50–6–116; *Curtis v. Hamilton Block Co.*, 225 Tenn. 275, 279–80, 466 S.W.2d 220, 222 (1971); *Matthews v. Hardaway Constr. Co.*, 179 Tenn. 98, 102–03, 163 S.W.2d 59, 60 (1942). As a result, this Court must interpret those statutes in a manner designed to protect workers and their families from the economic devastation that, in many instances, can follow on-the-job injuries. Furthermore, Tennessee's workers' compensation laws

---

**2.** In a dissenting opinion in *Wooley*, Justices Drowota and Brock expressed their belief "that an indigent's access to the courts should [not] be denied for failure to tender." *Id.* at 674.

**3.** In *Dailey v. Southern Heel Co.*, 785 S.W.2d 344, 347 (Tenn.1990), this Court ruled that tender is *not* required when the director of the Division of Workers' Compensation, not the employee, seeks to set aside a settlement agreement.

must be construed so as to ensure that injured employees are justly and appropriately reimbursed for debilitating injuries suffered in the course of service to the employer.[4]

It is evident, as noted by the trial judge and in prior Tennessee Supreme Court decisions, that T.C.A. § 50–6–206 does not specifically provide that tender is not required in workers' compensation cases. It is equally true, however, that T.C.A. § 50–6–206 and other workers' compensation statutes do not require tender in such cases. We conclude that the requirement of tender should not, therefore, be written into the workers' compensation statutes by judicial decision. The courts should not "legislate into an Act a clear provision which [is not] in the Act." *Liberty Mutual Insurance Co. v. Stevenson*, 212 Tenn. 178, 185, 368 S.W.2d 760, 763 (1963) (court may not engraft punitive damages provision on workers' compensation statutes). Moreover, the purposes of the workers' compensation laws would be frustrated, not furthered, by continuing to provide an additional hurdle for injured employees seeking to recover the just amounts envisioned by the statutory scheme.

Case law from Tennessee and from other jurisdictions provides further support for the conclusion that tender should not be required in workers' compensation situations. In an early accidental injury case not implicating the workers' compensation statutes, for example, the Tennessee Supreme Court recognized that some exceptions to the general rules requiring tender to set aside a settlement agreement do exist. *Conrad v. Interstate Life & Accident Ins. Co.*, 141 Tenn. 14, 18, 206 S.W. 34, 35 (1918). The *Conrad* decision quoted from the precursor to 1 C.J.S. *Accord and Satisfaction*, § 70, in stating that the general rule of tender "does not apply where the defendant admits that what was paid was justly due under the contract sued on." *Conrad, supra*, 141 Tenn. at 18, 206 S.W. at 35.[5]

In *Gibbons, supra*, the case upon which the *Lindsey* decision relied in establishing the tender rule in workers' compensation disputes, this Court again recognized the exception to the general rule. Nevertheless, the Court there required tender to set aside a prior settlement agreement "because the bill alleges that defendant denies liability for any amount." *Gibbons, supra*, 195 Tenn. at 342, 259 S.W.2d at 654. Despite the fact that the defendant in *Gibbons* did deny all liability and the fact that most workers' compensation cases do not involve such a defense, *Lindsey* and its progeny injected the contract law principle of *Gibbons* into workers' compensation jurisprudence without highlighting the crucial distinction that even *Gibbons* recognized.

In *Texas Employers Insurance Assn. v. Kennedy*, 135 Tex. 486, 143 S.W.2d 583, 585 (1940), however, the Texas Supreme Court did recognize such a distinction. The court's decision held that before a plaintiff may succeed in setting aside a settlement agreement "he must establish that he has been injured, that is, that he has a meritorious claim for compensation in an amount greater than that which he has received...." *Id.* Thus, if the plaintiff is clearly entitled to a greater amount of compensation, "he should not be required to make a tender" only to receive that money back again. *Id.*

The Missouri Court of Appeals has also noted the general rule requiring tender in order to set aside settlements, but has rec-

---

4. Notably, the law of contracts, which serves as the basis for the *Gibbons, Lindsey, Cordell, Cockrell*, and *Wooley* decisions, is not remedial in nature and does not allow for such liberal construction. Rather, according to contractual law principles, contracts, if unclear or incomplete, are to be construed strictly against the drafter. *See, e.g., Hanover Insurance Co. v. Haney*, 221 Tenn. 148, 153, 425 S.W.2d 590, 592 (1968). Thus, ordinary *settlements* are not entitled to be subjected to the same protective legal principles as are workers' compensation settlements to which injured employees may agree.

5. 1 C.J.S. *Accord and Satisfaction*, § 70, p. 568 now provides:

restitution is not a condition precedent where plaintiff is in any event entitled to the amount received by him [or where] the amount received does not exceed that which is admitted or conceded to be due plaintiff....

ognized "this rule has its exceptions, one of which is that a releasor is not required to return that which he would in any event be entitled to retain by virtue of the original liability." *Trokey v. United States Cartridge Co.*, 222 S.W.2d 496, 503 (Mo.App. 1949). Citing *Kennedy*, the *Trokey* decision then holds:

> In this particular case there was never any question but that plaintiff was entitled to some compensation.... Plaintiff could only have been entitled to avoid the settlement by showing, among other things, that he had received less than the full amount of compensation to which he was entitled under the act. Otherwise he would not have proved an injury.... Consequently he was entitled to retain whatever was paid him as compensation due him under the act and to which, under his theory, he would have been entitled independently of his release; and if he had succeeded in having the settlement set aside, such amount would thereupon have been credited in favor of the employer and insurer upon the award which the Commission would have been expected to make.

*Id.; see also Woods v. City of Hobbs*, 75 N.M. 588, 408 P.2d 508, 511 (1965) (noting that "the equities between the parties" can be appropriately adjusted even in the absence of a tender rule by crediting the employer in the final decree for the consideration already paid for the release).

We find the rationale of *Conrad, Kennedy, Trokey*, and *Woods* to be persuasive on the issue presently before us. In the absence of a statute to the contrary, our duty to construe T.C.A. § 50–6–206 liberally in order to effect the purposes of the workers' compensation law leads us to conclude that tender should not be required in workers' compensation cases in which the petitioner seeks to set aside a prior settlement agreement. In reaching the original agreement, the employer/insurer has implicitly recognized that the employee is entitled to compensation pursuant to law. The employer/insurer's interest can be adequately protected by the assurance of a credit against the final amount awarded by the court.

We recognize that in abandoning the rule of tender in workers' compensation cases, we may make settlement less attractive to an employer/insurer by removing a hurdle to the employee's ability to renege on the original agreement. But it is important to remember that the statute already gives the employee the option to have the settlement set aside, undoubtedly to avoid what the legislature saw as an even greater danger than the disruption of settlements, i.e., the risk of unfair settlements. Under the decision we announce today, injured employees who have unadvisedly agreed to settle legitimate claims for insufficient compensation will be able to set aside such inadequate settlements without tendering funds that may have already been used to defray the many costs associated with compensable on-the-job injuries.

In the present case, no dispute exists regarding Betts's right to workers' compensation benefits. The only dispute involves the amount of benefits due him. Our ruling means that Betts will not have to tender the $45,000 he has already received in order to pursue his claim that he is actually entitled to receive $92,400. Those portions of this Court's opinions in *Lindsey, Cordell, Cockrell*, and *Wooley* that mandate a different result are hereby expressly overruled.

The judgment of the trial court requiring tender in this case is reversed. The matter is remanded to the trial court for further proceedings as necessary. Costs of this action are assessed against the defendants-appellees.

REID, C.J., and DROWOTA, O'BRIEN, ANDERSON, JJ., concur.