HELENE N. WHITE,
Circuit Judge (dissenting).
Because I conclude that the Tennessee Supreme Court would find Caterpillar’s action in terminating Geronimo’s employment based on her purported failure to timely report her injury contrary to Tennessee law, I respectfully dissent.
Caterpillar has consistently argued that Gerónimo was terminated for failing to comply with the company’s written policy on reporting workplace injuries, which requires employees to “notify the Company promptly [ie., within 48 hours] after they realize they are injured and suspect that the injury is related to their work.” (R. 19, Lee Deck, at ¶ 5.) According to Caterpillar, Gerónimo violated this policy because she realized or suspected that her injury was work related several days or even weeks before she went to the company nurse.
Under established Tennessee law, carpal-tunnel syndrome is an accidental injury that is deemed to have occurred on the date the employee can no longer perform her work. In Lawson v. Lear Seating Corp., 944 S.W.2d 340, 340 (Tenn.1997), an employee (“Lawson”) experienced increasingly painful carpal-tunnel symptoms over the course of several years working for the same company. On the suggestion of her doctor, Lawson transferred to different positions within the company in order to alleviate the problem; each time, her symptoms abated temporarily, only to return. Id. As the pain worsened and spread to her arms and shoulders, Lawson received monthly injections to reduce the pain. Id. Eventually, Lawson notified the company nurse and was formally diagnosed with carpal-tunnel syndrome; despite undergoing surgery, Lawson suffered 10% permanent partial impairment in her hands. Id. at 341. Lawson sued to recover permanent partial-disability benefits, but a Special Workers’ Compensation Appeals Panel of the Tennessee Supreme Court determined that her claim was time-barred because she did not file it within one year of the “accident resulting in the injury,” as required by T.C.A. § 50-6-203(b)(1). Id. Lawson appealed to the Tennessee Supreme Court, which observed that “[t]he identification of the ‘accident resulting in the injury is problematic” in cases of repetitive-stress injuries like carpal-tunnel syndrome. Id. For guidance, the court looked to Berry v. Boeing Military Airplanes, a Kansas Court of Appeals case that held:
We ... conclude that the last day of work should be the date from when disability is computed in all cases involving carpal tunnel syndrome.... If we were to adopt either the date on which the injury “manifests itself’ or the date on which the injury is “diagnosed,” we would set a potential trap for the individual who, despite pain and discomfort, continues to work long after his or her carpal tunnel is “diagnosed” or has “manifested itself.” Those individuals would find their claims for compensation barred by the statute of limitations. It seems to us that we should adopt the rule that causes the least potential prejudice and upholds the spirit of our Workers Compensation Act. We believe use of the last day of work accomplishes both of those purposes.
20 Kan.App.2d 220, 885 P.2d 1261, 1267-68 (1994) (quoted in Lawson, 944 S.W.2d at 342) (second ellipsis in Lawson). The Supreme Court of Tennessee found Beiry’s *451 policy rationale especially persuasive, stating:
Like the Kansas statute, our workers’ compensation statute is remedial in nature. Tenn.Code Ann. § 50-6-116. As we stated in Betts v. Tom Wade Gin, 810 S.W.2d 140[, 142-43] (Tenn.1991),
this Court must interpret those statutes in a manner designed to protect workers and their families from the economic devastation that, in many instances, can follow on-the-job injuries. Furthermore, Tennessee’s workers compensation laws must be construed so as to ensure that injured employees are justly and appropriately reimbursed for debilitating injuries suffered in the course of service to the employer. [ (footnote omitted).]
Lawson, 944 S.W.2d at 342. The court noted that in cases where carpal-tunnel syndrome results from a traumatic event, “the statute of limitations would begin to run when by reasonable care and diligence the compensable injury is discoverable and it is apparent that such injury is work-related.” Id. at 343 (citing Livingston v. Shelby Williams Ind., Inc., 811 S.W.2d 511, 515 (Tenn.1991)). However, since Lawson’s injuries were the product of repetitive stress, the court held that the limitation period for filing a workers’ compensation claim began to run on the day that Lawson was unable to perform her job:
As in Barker, the repetitive movements of Lawson’s hands as she performed her job caused her injuries. Each day Lawson worked contributed to her injury. Because there is no one particular incident or event identifiable as an “accident resulting in the injury” and because Lawson suffered new trauma to her hands each day she worked, we hold that the date of the accidental injury is the date that Lawson was no longer able to work because of her injury. 944 S.W.2d at 343. [Emphasis added.]
To be sure, Lawson involves the denial of a claim for permanent disability benefits, while the issue here is whether Geronimo’s termination violated Tennessee law. However, this distinction does not alter Lawson’s core holding: As a matter of Tennessee law, carpal-tunnel syndrome “occurs” and the employee suffers an injury on the day when the employee is no longer able to work.
Lawson was decided in 1997, four years before the Tennessee Legislature clarified the notice rules for gradually-occurring injuries by enacting T.C.A. § 50-6-201(b). However, subsection (b) was not intended to modify the existing common law. Quite to the contrary; as the Tennessee Senate explained in summarizing the amendment:
This bill would require an injured employee with a workers’ compensation claim for an injury based upon gradual or cumulative events or trauma to provide written notice to the employer within 30 days after the employee: (1) Knows or should know that the employee has suffered a work-related injury resulting in permanent physical impairment; OR (2) Is rendered unable to continue performing normal work activities as a result of the injury, provided that the employee knows or should know that the injury was caused by work-related activities. Under present law, the general notice provisions apply to such injuries, which is 30-days’ written notice from the date of the injury, unless there is a reasonable excuse. This bill is consistent with Tennessee case law. For example, in the case of Lawson v. Lear Seating Corp., 944 S.W.2d 340 (Tenn.1997), the Tennessee Supreme Court held that the statute of limitations started to run when the employee at issue was unable to perform her job. The employee in that case had worked *452 for several years while suffering from carpal tunnel syndrome and never filed a workers’ compensation claim. When the employee’s condition became such that she could no longer work, she then filed her claim.
Tenn. Bill Summ., 2001 Reg. Sess. S.B. 1404 (emphasis added). There is no doubt that subsection (b) was intended to integrate the holdings of Lawson and other state cases on gradually-occurring injuries into the TWCL’s statutory framework.
Thus, because Tennessee law unequivocally provides that a gradually-occurring injury “occurs” on the date the employee is no longer able to perform her work, and in this case that day was August 14, 2007, the same day Gerónimo informed the company nurse of her injury,[1] Gerónimo complied with Caterpillar’s 48-hour injury-reporting policy, and Caterpillar’s conclusion to the contrary runs counter to the Tennessee Supreme Court’s Workers’ Compensation jurisprudence. For this reason, I would reverse the decision of the district court.

. Gerónimo testified that she did not return to her regular workstation after speaking to the nurse. Instead, she sat in the break room for a long time, presumably while her supervisors decided what task to give her; eventually, she was sent to take computer classes. The next day, Gerónimo was assigned to help out in the office until the morning break, when she was called to her supervisor's office and terminated.