IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
June 19, 2019 Session

## LAWRENCE WOODEN v. CLUB EPIC ET AL.

**Appeal from the Circuit Court for Shelby County**
**No. CT-001362-14  Mary L. Wagner, Judge**

_____

### No. W2018-00952-COA-R3-CV

_____

This appeal arises from the trial court's denial of relief from an order of dismissal for lack of prosecution. The trial court entered its final order on June 21, 2016. On June 1, 2017, plaintiff electronically filed a motion for relief pursuant to Tennessee Rule of Civil Procedure 60.02 due to mistake, inadvertence, surprise, or excusable neglect, but it was rejected and not filed because it did not comply with the e-filing rules of the Circuit Court for the Thirtieth Judicial District. Plaintiff filed a second motion for relief on December 28, 2017. Having determined that plaintiff's second motion was not timely filed, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed and Remanded**

ARNOLD B. GOLDIN, J., delivered the opinion of the Court, in which KENNY ARMSTRONG, and CARMA DENNIS MCGEE, JJ., joined.

Jason Nowlin, Savannah, Tennessee, for the appellant, Lawrence Wooden.

### OPINION

#### BACKGROUND AND PROCEDURAL HISTORY

On March 26, 2014, Lawrence Wooden ("Plaintiff") filed a complaint against Club Epic, an adult gentleman's club, and Tara Henderson, an employee of the club at the time of the underlying matter, in the Shelby County Circuit Court (the "trial court"), raising numerous claims sounding in tort. Plaintiff alleged that, on or about March 26, 2013, Ms. Henderson attacked him with an empty glass bottle and pepper sprayed him as he exited Club Epic. On May 19, 2014, Club Epic filed its answer, denying Plaintiff's charges.[1]

_____

[1] Club Epic did not participate in this appeal. To date, Ms. Henderson has not filed a response to

Sometime in late 2014 or early 2015, the trial court clerk (the "Clerk") notified Plaintiff's counsel that the case had been removed from the trial court's docket due to his failure to attend the docket call and that, in order to have the case placed back on the docket, he would need to contact opposing counsel. For the next several months, Plaintiff's counsel allegedly made numerous attempts to contact opposing counsel; however, in October 2015, he discovered that opposing counsel had passed away several months prior. On October 23, 2015, Plaintiff's counsel emailed the Clerk about the death of opposing counsel and allegedly sought guidance regarding the steps he needed to take in order to place the case back on the docket. Plaintiff's counsel sent two follow-up emails to the Clerk on February 3 and 11, 2016. The Clerk responded on March 29, 2016, stating that "[s]omeone within that law firm should be assigned the previous attorney's cases and should file an Order (Notice of Appearance) into the courts." Plaintiff's counsel emailed the Clerk again on April 28, 2016, stating that opposing counsel was a solo practitioner and again seeking guidance on how to place the case back on the docket. According to Plaintiff's counsel, he attempted to follow up with the Clerk numerous times until September 21, 2016, when he checked the trial court's online docket and realized that the case had been dismissed on June 21, 2016 for lack of prosecution.[2]

Almost nine months later, on June 1, 2017, Plaintiff's counsel electronically filed a motion for relief from the trial court's order of dismissal pursuant to Rule 60.02 of the Tennessee Rules of Civil Procedure. The motion, however, was rejected for filing for failing to follow the e-filing rules of the Circuit Court for the Thirtieth Judicial District, and a notice of this rejection was sent to Plaintiff's counsel the following day on June 2, 2017. Plaintiff's counsel failed to make any subsequent filings until approximately six months later on December 28, 2017, when he filed a second motion for relief from the trial court's order of dismissal. Therein, Plaintiff's counsel again argued that the trial court's order was entered as a result of mistake, inadvertence, surprise, or excusable neglect. On May 1, 2018, the trial court denied Plaintiff's motion for relief, finding that the motion was not filed within a reasonable time. Plaintiff timely appealed.

### ISSUE PRESENTED

Plaintiff raises one issue on appeal, which we reproduce as follows: Did the trial court err by denying Plaintiff's Rule 60.02 Motion for Relief from Order of Dismissal for Lack of Prosecution Entered on June 20, 2016?

---

Plaintiff's complaint or otherwise asserted a defense in this matter.

[2] In his September 21, 2016 email to the Clerk, Plaintiff's counsel asserted the following: "I will begin drafting a Motion to Set Aside the Order Dismissing the Case pursuant to Rule 60 of the Tennessee Rules of Civil Procedure unless and until I hear that I should proceed otherwise."

STANDARD OF REVIEW

Tennessee trial courts possess broad discretionary authority to control their dockets and the proceedings in their courts. *Hodges v. Attorney General*, 43 S.W.3d 918, 921 (Tenn. Ct. App. 2000). They have the express authority to dismiss cases for failure to prosecute or for failure to comply with the Tennessee Rules of Civil Procedure or the orders of the court. Tenn. R. Civ. P. 41.02(1). On appeal of a denial of a motion for relief under Rule 60.02 of the Tennessee Rules of Civil Procedure, the appellate court may reverse the denial of the motion for relief only if the denial amounts to an abuse of discretion. *Underwood v. Zurich Ins. Co.*, 854 S.W.2d 94, 97 (Tenn. 1993). Under this standard, an appellate court is not permitted to substitute its judgment for that of the trial court. *Eldridge v. Eldridge*, 42 S.W.3d 82, 85 (Tenn. 2001). We will set aside the trial court's ruling only when the trial court "applied an incorrect legal standard, or reached a decision which is against logic or reasoning that caused injustice to the party complaining." *Henry*, 104 S.W.3d at 479 (quoting *Stevens v. Stevens*, 78 S.W.3d 817, 832 (Tenn. 2002)).

## DISCUSSION

Tennessee Rule of Civil Procedure 60.02 provides in relevant part that the trial court may relieve a party or the party's legal representative from a final judgment, order or proceeding for the following reasons:

(1) mistake, inadvertence, surprise or excusable neglect; (2) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (3) the judgment is void; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that a judgment should have prospective application; or (5) any other reason justifying relief from the operation of the judgment.

Tenn. R. Civ. P. 60.02. Additionally, Rule 60.02 provides that "[t]he motion shall be made within a reasonable time, and for reasons (1) and (2) *not more than one year after* the judgment, order or proceeding was entered or taken." *Id*. (emphasis added). Accordingly, a motion for relief from a final order or judgment due to mistake, inadvertence, surprise, or excusable neglect must be brought within one year after the entry of the final order or judgment from which relief is sought.

Here, the record reflects that the matter was dismissed for lack of prosecution on June 21, 2016[3] and that Plaintiff filed his initial Rule 60.02 motion on June 1, 2017.

---

[3] Prior to this date, the record reflects that nothing had been done on this case since May 19, 2014, when Defendant Club Epic filed its answer. After filing the complaint, Plaintiff's counsel had taken

Plaintiff's motion, however, was rejected for failing to comply with the E-Filing Rules, and a notice of this rejection was sent to Plaintiff's counsel on June 2, 2017.[4] Pursuant to Part 9 of the Shelby County Circuit Court Electronic Filing Rules ("the "E-Filing Rules"), "[i]n the event the Clerk rejects the submitted Document following review, the rejected Document shall not become part of the official Court record and the E-Filer will receive notification of the rejection." Accordingly, Plaintiff's first motion for relief was never filed by the Clerk and never became part of the trial court record. Despite having been notified of the rejection within the one-year period for the filing of a Rule 60.02 motion, Plaintiff did not file his second motion until December 28, 2017—more than eighteen months after the entry of the trial court's order of dismissal.

While Plaintiff correctly notes that courts should construe the requirements of Tennessee Rule of Civil Procedure 60.02 liberally when a party is seeking relief from a default judgment, *see Nelson v. Simpson*, 826 S.W.2d 483, 485 (Tenn. Ct. App. 1991), such liberality is not without limits. In fact, as this Court has previously noted, "[a] Rule 60.02(1) motion filed within the one-year limitation may be considered untimely 'if the trial court finds, as a matter of fact, that the movant has not acted reasonably and that he could have fairly and reasonably been expected to file the motion much more promptly.'" *Walker v. Nissan North America, Inc.*, No. M2009-00273-COA-R3-CV, 2009 WL 2589089, at *2 (Tenn. Ct. App. Aug. 21, 2009) (quoting *Wooley v. Gould, Inc.*, 654 S.W.2d 669, 670 (Tenn. 1983), *rev'd on other grounds by Betts v. Tom Wade Gin*, 810 S.W.2d 140 (Tenn. 1991)). Accordingly, a motion for relief from a final order or judgment due to mistake, inadvertence, surprise, or excusable neglect—even if filed within the one-year period—may still be deemed untimely by the trial court. Here, Plaintiff's counsel was aware of the trial court's order of dismissal as early as September 21, 2016, when he notified the Clerk that he would "begin drafting a Motion to Set Aside the Order Dismissing the Case pursuant to Rule 60 of the Tennessee Rule of Civil Procedure[.]" However, he did not file the first motion for relief until almost nine months later on June 1, 2017. Moreover, despite the Clerk notifying Plaintiff's counsel of the rejection of the first motion the following day, Plaintiff's counsel waited another six months until he filed the second motion for relief on December 28, 2017. We conclude that Plaintiff's counsel did not act reasonably and, from his own statements, could have filed the motion much more promptly.

Referring to the second motion for relief, Plaintiff also argues that, pursuant to the E-Filing Rules, "the trial court should have entered an order permitting the document to be filed *nunc pro tunc* to the date the document was first attempted to be filed electronically[.]" Plaintiff cites Part 14 of the E-Filing Rules, which, as relevant here,

---

no further action on this case other than contacting the Clerk seeking procedural advice.

[4] The notice provided the following language: "The document you have submitted requires Post Judgment Filing Fees. You must submit under the Post Judgment Category, and select Post Judgment as document type. Please enter a description of your filing in the additional text box."

provides that, "[i]f the E-Filing does not occur because of . . . rejection by the Court or Clerk . . . the Court may, upon satisfactory proof, enter an order permitting the Document to be filed nunc pro tunc to the date the Document was first attempted to be filed electronically[.]" Entering such an order, however, is within the sound discretion of the trial court, and we conclude that the trial court, based on the facts of this case, did not abuse its discretion in declining to do so. Therefore, because Plaintiff's second Rule 60.02 motion was not timely filed—and because it did not provide any other basis for relief other than mistake, inadvertence, surprise, or excusable neglect—we decline to disturb the ruling of the trial court.

## CONCLUSION

For the foregoing reasons, the judgment of the trial court is affirmed.

_____
ARNOLD B. GOLDIN, JUDGE